ADR    E-FILING    ORIGINAL
FILED

1  SEYFARTH SHAW LLP
   Dana L. Peterson (State Bar No. 178499)  07 SEP 21  PM 2: 12
2  Sharon Ongerth Rossi (State Bar No. 232725)
   560 Mission Street, Suite 3100            RICHARD W. WIEKING
3  San Francisco, CA 94105                   U.S. DISTRICT COURT
   Telephone: (415) 397-2823                 NA DIST OF CALIF COURT
4  Facsimile: (415) 397-8459
   dpeterson@seyfarth.com
5  srossi@seyfarth.com

6  Attorneys for Defendants
   PSC Industrial Outsourcing, Inc., Bruce Robinson and Joe Hamby
7

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11 LISAMARIE BRAYDEN,              C07  04910

12           Plaintiff,            ) Case No.
                                   )
                                   )  [Removed from Monterey County
13      vs.                        )  Superior Court, Case No. M85575]
                                   )
14 PSC INDUSTRIAL OUTSOURCING,     )  **NOTICE OF REMOVAL TO FEDERAL**
   INC., MARK BLANCHARD, JOE HANBY,)  **COURT UNDER 28 U.S.C.§**
15 BRUCE ROBINSON and Does 1       )  **1441(b) (DIVERSITY**
   through 1-50,                   )  **JURISDICTION)**
16                                 )
                                   )  Complaint Filed: Aug. 1, 2007
17         Defendants.             )  Removal Date: Sept.  , 2007
                                   )  Trial Date:    None Set
                                   )
18 _____    )

19      TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

20 DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF

21 RECORD:

22      PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§

23 1332(a)(1), 1441(a) and 1446, Defendants PSC INDUSTRIAL

24 OUTSOURCING, INC. ("PSC"), JOE HAMBY("Hamby")AND BRUCE ROBINSON

25 ("Robinson") (hereinafter collectively referred to as

26 "Defendants") hereby remove the above-entitled action from the

27 Superior Court of the State of California in and for County of

28

NOTICE OF REMOVAL TO FEDERAL COURT

1 | Monterey, to the United States District Court for the Northern

2 | District of California.

3 | **REMOVAL JURISDICTION**

4 |     1.  <u>Legal Framework</u>.  This Court has original jurisdiction

5 | over this action under 28 U.S.C. §1332 because this action

6 | involves citizens of different states and the matter in

7 | controversy exceeds the sum of $75,000, exclusive of interest

8 | and costs. .In support of this removal, Defendants make the

9 | following showing:

10 |     2.  <u>Plaintiff's Complaint</u>. On August 1, 2007, Plaintiff

11 | LisaMarie Brayden ("Plaintiff") filed a Complaint in the

12 | Superior Court of the State of California in the County of

13 | Monterey, entitled *LisaMarie Brayden v. PSC Industrial*

14 | *Outsourcing, Inc. et al.*, Case No. M 85575 ("Complaint"). A copy

15 | of the Complaint is attached as **Exhibit A** to the Declaration of

16 | Sharon Rossi ("Rossi Decl."). The Complaint purports to allege

17 | two causes of action: (1) wrongful termination in violation of

18 | public policy and Government Code section 12940 *et seq.* and (2)

19 | sexual harassment.

20 |     3.  <u>Service of Complaint.</u>  Defendants received notice of

21 | this lawsuit on or about August 22, 2007, when Defendant Hamby

22 | was served a copy of the Summons and Complaint.  Defendant PSC,

23 | was also served with a copy of the Summons and Complaint on

24 | August 29 , 2007.  Defendant Robinson received a copy of the

25 | Complaint on or about August 24, 2007. He has not been served

26 | with the Complaint, but voluntarily agreed to appear in this

27 | action on September 20, 2007. Plaintiff has not yet served

28 | Defendant Blanchard with the Complaint.

1    4.    Answer Filed in Superior Court. Defendants PSC, Hamby

2  and Robinson filed their Answer to the Complaint in the Monterey

3  County Superior Court on or about September 20, 2007.  *See*

4  **Exhibit B** to Rossi Decl.

5    5.    Removal is Timely. This Notice of Removal is filed

6  within 30 days of the first date of receipt of a copy of the

7  filed Complaint by any Defendant.  Thus, removal is timely

8  pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil

9  Procedure, Rule 6(a).

10                    **DIVERSITY JURISDICTION**

11    6.    Grounds for Jurisdiction.  This is a civil action of

12  which this Court has original jurisdiction pursuant to 28 U.S.C.

13  § 1332(a)(1), and is one which may be removed to this Court by

14  Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in

15  that it is a civil action between citizens of different states

16  wherein the amount in controversy is in excess of the sum of

17  Seventy-Five Thousand Dollars ($75,000.00), exclusive of

18  interest and costs.

19    7.    Plaintiff's Citizenship.  Defendants are informed and

20  believe that Plaintiff is, and has been at all times since the

21  commencement of this action, a citizen and resident of the State

22  of California, Stanislaus County.  *See* DFEH Complaint attached

23  as **Exhibit A** to Rossi Decl.  For diversity purposes, a person is

24  a "citizen" of the state in which he is domiciled.  *Kantor v.*

25  *Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

26  A party's residence is *prima facie* evidence of her domicile.

27  *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th

28  Cir. 1994).

8.  Defendant PSC.  Plaintiff names PSC as a Defendant in each of her two causes of action.  Complaint, ¶¶ 5-15 and 16-18. PSC, was at the time of the filing of this action, incorporated under the laws of the State of Delaware with its principal place of business and headquarters located in Houston, Texas. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

9.  Defendant Robinson.  Plaintiff names Robinson as a Defendant in each of her two causes of action. Complaint, ¶¶ 5-15 and 16-18.  Robinson, was at the time of the filing of this action, and still is domiciled in the State of Washington, and is thus, a citizen of Washington.  See Kantor, 704 F.2d at 1090.

10.  Defendant Blanchard.  Plaintiff names Blanchard as a Defendant in each of her two causes of action.  Blanchard is Plaintiff's former supervisor.  Blanchard, was at the time of the filing of this action, and still is domiciled in the State of Louisiana, and is thus, a citizen of Louisiana. See id.

11. Defendant Hamby.  Although Plaintiff only references Hamby in one line of her Complaint (i.e., ¶ 3, line 26), Plaintiff also names Hamby as a Defendant in each of her two causes of action. Complaint, ¶¶ 5-15 and 16-18.  Hamby is the site manager of the PSC San Ardo facility, where Plaintiff worked.  Hamby, was at the time of the filing of this action, and still is domiciled in California, and is thus, a citizen of California. See Kantor, 704 F.2d at 1090.

1    12.  Joinder of Hamby is Fraudulent.  For the reasons

2  explained in paragraphs 13-15 below, Hamby is not properly named

3  as party because Plaintiff cannot establish liability against

4  him.  A defendant, who has been fraudulently joined, such as

5  Hamby, must be disregarded for removal purposes.  *McCabe v.*

6  *General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)

7  (holding that discharged employee failed to state cause of

8  action against individual supervisors, under California law, and

9  thus their joinder as defendants was sham and their presence did

10  not destroy diversity); see also *Lewis v. Time, Inc.*, 83 F.R.D.

11  455, 460 (E.D. Cal. 1979), *aff'd*, 710 F. 2d 549 (9th Cir. 1983)

12  (court may disregard joinder and retain jurisdiction where

13  joinder of non-diverse defendant is only a fraudulent device to

14  prevent removal).

15    13.  Plaintiff's Claims Against Hamby are Not Actionable.

16  The causes of action against Defendant Hamby are (1) wrongful

17  termination in violation of public policy and Government Code

18  section 12940 *et seq.* and (2) sexual harassment.  None of these

19  claims are actionable as to this individual Defendant.

20    14.  Wrongful Termination Claims are Not Actionable Against

21  Supervisors.  "[I]n California it is well established that,

22  '[a]s a matter of law, only an employer can be liable for the

23  tort of wrongful discharge in violation of public policy.'" *Beck*

24  *v. FedEx Ground*, 2007 WL 2028581, *3 )(E.D.Cal.2007)(quoting

25  *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal.App.4th

26  32, 53 (2003)). Because Plaintiff was employed exclusively by

27  PSC, none of the individual Defendants, including Hamby, can be

28  held liable as to the second cause of action. Thus, as a matter

-5-

NOTICE OF REMOVAL TO FEDERAL COURT

of law, Plaintiff first cause of action against Hamby is wholly

without merit. As such, Plaintiff has fraudulently joined Hamby

as a Defendant in her first cause of action. *McCabe*, 811 F.2d at

1339 (providing, "If the plaintiff fails to state a cause of

action against a [ ] defendant, and the failure is obvious

according to the settled rules of the state, the joinder of the

[ ] defendant is fraudulent.")

15. <u>Plaintiff's Sexual Harassment Claim Against Hamby is</u>
<u>Wholly Devoid of Merit</u>. Equally spurious is the second cause of

action against Hamby, for sexual harassment. Plaintiff alleges

that Blanchard sexual harassed her by, *inter alia* "assaulting

her on two occasions by pulling out her top and peering down at

her breasts, and by grabbing her forcefully by the buttocks."

Complaint, ¶ 7. Plaintiff, however, does not make any specific

allegations against Hamby in regards to this cause of action. In

fact, in her Complaint, Plaintiff makes only one reference to

Hamby as follows: "Defendant Joe Hanby, [sic.] at all times

relevant hereto, was the Site manager at the same facility."

Complaint, ¶ 3. There are no other factual allegations as to

Hamby to even remotely suggest that he ever engaged in any

sexually harassing conduct toward Plaintiff, or engaged in any

alleged inappropriate conduct whatsoever. Instead, she simply

concludes that "Defendants and each of them and/or their

agents/employees sexually harassed plaintiff and/or failed to

take immediate and appropriate and appropriate corrective

action." Complaint, ¶17. This is insufficient to state a cause

of action against Hamby. Supervisors cannot be vicariously

liable acts of the subordinates. *See* CIV. CODE § 2351 ("agent is

1  not responsible to third persons for the acts of the sub-

2  agent"). Furthermore, supervisory employees cannot be held

3  liable for failing to take action to prevent the sexual

4  harassment of a subordinate employee. *Fiol v. Doellstedt*, 50

5  Cal.App.4th 1318, 1326 (1996) (stating "a supervisory employee

6  owes no duty to his or her subordinate employee to prevent

7  sexual harassment in the workplace. That is a duty owed only by

8  the employer. . . We conclude a supervisory employee is not

9  personally liable under the FEHA as an aider and abettor of

10  harassment for failing to prevent the sexual harassment of a

11  subordinate employee")(internal citations omitted).  Thus,

12  Plaintiff has fraudulently joined Defendant in her second cause

13  of action as well. *See McCabe*, 811 F.2d at 1339.

14         16.  Doe Defendants.   The presence of Doe defendants in this

15  case has no bearing on diversity with respect to removal.  "For

16  purposes of removal under this chapter, the citizenship of

17  defendants sued under fictitious names shall be disregarded."

18  28 U.S.C. § 1441(a).

19         17.  The Amount In Controversy Exceeds the Jurisdictional

20  Limit.   The amount in controversy in this action, exclusive of

21  interest and costs, exceeds the sum of Seventy-Five Thousand

22  Dollars ($75,000).[1]  In the Complaint, Plaintiff alleges that she

23  has suffered and continues to suffer damages, including

24  "embarrassment, humiliation, fear for her safety, emotional

25  distress, loss of past and future earnings and earning capacity,

26  ───────────────────
[1] Notably, Plaintiff's failure to specify the amount of damages sought in the Complaint does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26

27  (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding plaintiff's failure to plead a specific dollar amount in controversy; if rules were otherwise, "any plaintiff

28  could avoid removal simply by declining … to place a specific dollar value on its claim").

-7-

NOTICE OF REMOVAL TO FEDERAL COURT

1 employment benefits, medical and other special damages according

2 to proof." Complaint, ¶¶ 13 and 18. Additionally, Plaintiff

3 prays for punitive damages. Complaint, ¶ 15 and pg. 5, line 7.

4 Requests for punitive damages must be taken into account in

5 ascertaining the amount in controversy. *Davenport v. Mutual*

6 *Benefit Health and Accident Assn.*, 325 F.2d 785, 787 (9th Cir.

7 1963). Finally, Plaintiff prays for attorneys' fees and costs.

8 Complaint, pg. 5, line 6. If attorneys' fees are recoverable by

9 statute or contract, then the fees claim is included in

10 determining the amount in controversy. *Goldberg v. CPC Int'l,*

11 *Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459

12 U.S. 945 (1982).

13     In determining whether a complaint meets the amount in

14 controversy threshold of 28 U.S.C. § 1332(a), a court should

15 consider the aggregate value of claims for compensatory and

16 punitive damages. *See, e.g., Bell v. Preferred Life Assurance*

17 *Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy

18 requirement met if plaintiff "might recover" award of

19 compensatory and punitive damages in excess of amount in

20 controversy requirement). Accordingly, Plaintiff's alleged

21 economic, compensatory, and punitive damages bring the total

22 amount in controversy to a sum exceeding $75,000. The amount in

23 controversy requirement is satisfied because it is "more likely

24 than not" that the amount in controversy exceeds the

25 jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,*

26 102 F.3d 398, 404 (9th Cir. 1996).

27     18. <u>This Court Possess Original Jurisdiction.</u> Under 28

28 U.S.C. § 1332(a)(3), this Court possesses original jurisdiction

-8-

NOTICE OF REMOVAL TO FEDERAL COURT

1  over this action because it involves an amount in controversy in

2  excess of $75,000 and is between citizens of different states.

3  Consequently, the case is properly removed to this Court

4  pursuant to the provisions of 28 U.S.C. § 1441.

5                              **VENUE**

6       19. Venue lies in the Northern District of California.

7  This action was originally brought in the Superior Court of the

8  State of California, County of Monterey.  All of the alleged

9  wrongful conduct which Plaintiff complains of took place in San

10 Ardo, California, which is located in Monterey County.

11 Complaint, ¶ 1.  A civil action founded on diversity

12 jurisdiction may be venued in a judicial district in which a

13 substantial part of the events or omissions giving rise to the

14 wrongful conduct occurred.  28 U.S.C.§ 1391(a).  Monterey County

15 is part of the Northern District of California. 28 U.S.C. §

16 84(a). Accordingly, venue is proper.

17               **NOTICE TO PLAINTIFF AND STATE COURT**

18      16.  Compliance with 28 U.S.C.§ 1446(d). Pursuant to 28

19 U.S.C. § 1446(d), Defendants, concurrently with filing this

20 Notice of Removal, is filing a Notice of Removal with the Clerk

21 of the Superior Court for the County of Monterey. In addition,

22 Defendants are serving Plaintiff's Counsel with a copy of the

23 Notice of Removal. *See* **Exhibits C** to Rossi Decl.

24      WHEREFORE, Defendants pray that the above action now

25 pending before the Superior Court of the State of California for

26 the County of Monterey be removed to this Court.

27

28

1 | DATED: September 21, 2007          SEYFARTH SHAW LLP

2 |

3 |                                    By _____
                                        Sharon Ongerth Rossi

4 |                                    Attorneys for Defendants
                                     PSC INDUSTRIAL OUTSOURCING,
                                     INC., BRUCE ROBINSON AND JOE

5 |                                    HAMBY

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |