# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PSC Industrial Outsourcing, Inc., Mark Blanchard, Joe Hamby, Bruce Robinson, and Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LisaMarie Brayden

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
AUG 0 1 2007
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEBORAH K. DIXON, DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
1200 Aguajito Rd., Monterey, CA 93940    Monterey County Superior Court
1200 Aguajito Road
Monterey, CA 93940

**CASE NUMBER:** *(Número del Caso):* M 8 5 5 7 5

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter Lamberto. 160 W. Santa Clara St., #1050, San Jose, CA 95113    408 999-0300

DATE: AUG 0 1 2007    LISA M. GALDOS    Clerk, by _____, Deputy
*(Fecha)*                 *(Secretario)*                  DEBORAH K. DIXON   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Marlene Massetti
District Administrator

cc:   Case File

MARK BLANCHARD
AS AN INDIVIDUAL
PSC INDUSTRIAL OUTSOURCINH
62117 RAILROAD ST, P O BOX 431
SAN ARDO, CA  93450

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                        ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0344 TTY (800) 700-2320 Fax (408) 325-0339
www.dfeh.ca.gov



June 29, 2007

PETER N LAMBERTO
ATTORNEY
LAMBERTO & KREGER
160 W SANTA CLARA ST #1050
SAN JOSE, CA 95113

RE:  E200607G1352-01-sc
     <u>BRAYDEN/BLANCHARD, MARK, AS AN INDIVIDUAL</u>

Dear PETER N LAMBERTO:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 27, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

\*\*\* **EMPLOYMENT** \*\*\*

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200607-G-1352-01-sc

DFEH USE ONLY

**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

YOUR NAME (indicate Mr. or Ms.): LISA MARIE BRAYDEN
TELEPHONE NUMBER (INCLUDE AREA CODE): 831-278-2509
ADDRESS: 3742 MINNIEAR AVENUE
CITY/STATE/ZIP: MODESTO, CA 95357
COUNTY: STANISLAUS
COUNTY CODE:

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME: MARK BLANCHARD
ADDRESS: 62117 RAILROAD ST, P.O. BOX 431, SAN ARDO
CITY/STATE/ZIP: SAN ARDO, CA 93450
COUNTY: MONTEREY

NO. OF EMPLOYEES/MEMBERS (if known): 85
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year): 6/15/07

THE PARTICULARS ARE:
On MAY 22, MAY 30 & JUNE 15, 2007 I was:
[X] demoted
[X] harassed
[X] forced to quit

by MARK BLANCHARD — HEALTH & SAFETY MANAGER
(Name of Person / Job Title)

because of my: [X] sex

(Circle one) filing; Protesting; participating in investigation (retaliation for)

the reason given by MARK BLANCHARD THREATENED HE'D "RUIN ME" FOR COMPLAINING ABOUT HARASSMENT

Was because of [please state what you believe to be reason(s)]: MY HARASSMENT COMPLAINT AGAINST HIM.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated: 6/13/2007
At: SAN ARDO (City)

COMPLAINANT'S SIGNATURE

DATE FILED: JUN 27 2007

RECEIVED JUN 27 2007
DEPT. OF ... HOUSING ...

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
STATE OF CALIFORNIA

PETER N. LAMBERTO, State Bar No. 061813
LAMBERTO & KREGER
160 West Santa Clara, Suite 1050
San Jose, CA 95113-2311
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiff LisaMarie Brayden

FILED
AUG 0 1 2007
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
BY DEREK K. DINES, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY

LisaMarie Brayden,

    Plaintiff,

vs.

PSC Industrial Outsourcing, Inc., Mark Blanchard, Joe Hamby, Bruce Robinson, and Does 1-50,

    Defendants.

Case No. M85575

COMPLAINT FOR DAMAGES FOR WRONGFUL RETALIATORY TERMINATION, AND FOR SEXUAL HARASSMENT
[Gov. Code § 12940 et seq.]

Comes now Plaintiff LisaMarie Brayden, and alleges as follows:

1. Plaintiff LisaMarie Brayden, at all times relevant hereto, was a resident of Monterey County, CA. Between approximately March 1, 2007 and June 15, 2007, Plaintiff was employed by defendant PSC Industrial Outsourcing, Inc. (hereafter PSC) at its facility located in San Ardo, County of Monterey, CA.

2. The occurrences that are alleged herein took place within Monterey County, CA. Defendant PSC employs more than five persons, and is subject to the harassment and retaliatory practices statutes set forth in CA Government Code §§ 12940 et seq.

3. Defendant Mark Blanchard (hereafter "Blanchard"), at all times relevant hereto, was the Health and Safety Manager, and the direct superior of plaintiff, in PSC's San Ardo facility. Defendant Joe Hanby, at all times relevant hereto, was the Site manager at the same facility. Defendant Bruce Robinson, at all times relevant herein, was the Director of Human

Complaint for Damages

Resources for PSC, with responsibility for investigating complaints of sexual harassment at the San Ardo facility of PSC.

4. At all times relevant hereto, Defendant PSC was an employer of five or more persons, and was and is subject to the provisions of CA Government Code §§ 12940 *et seq.* As such, it is subject to statutory and public policy prohibitions of certain conduct as set forth therein, including but not limited to the prohibition of sexual harassment of persons by other employees, and the prohibition against retaliatory conduct against an employee for complaining of sexual harassment.

### First Cause of Action–Wrongful Termination

5. The general allegations of Paragraphs 1-4 are incorporated at this place as if fully set forth.

6. By April 1, 2007, defendants were so impressed with plaintiff's job performance that she was promoted to Safety Assistant (to Blanchard) and promised a $2/hour raise. Within several days, plaintiff noticed what she considered inappropriate behavior by Blanchard, who was kissing females in the office, including local human resources manager Cheryl Sarzotti. Plaintiff had concerns over the inappropriateness of dress of some employees, and about Blanchard kissing and hugging co-employees, and asked for guidance on the company's dress code and sexual harassment policies from Sarzotti, the local human resources manager. No action was taken by Sarzotti, and plaintiff's inquiries were ignored.

7. Then, during May 2007, and without any apparent inhibitions that would have been warranted had any of plaintiff's complaints been heeded, Blanchard began more aggressively harassing plaintiff, actually assaulting her on two occasions by pulling out her top and peering down at her breasts, and by grabbing her forcefully by the buttocks. He also asked her to dress more inappropriately, like some of the other females in the office, and offered her money to change her wardrobe

8. In response to these and other acts by Blanchard, plaintiff again complained to Sarzotti that plaintiff was being sexually harassed by Blanchard. Rather than conduct a full and impartial investigation of plaintiff's complaints, defendants, and each of them, demoted

Complaint for Damages — 2 —

plaintiff to a new position on June 4, 2007, that of "yard cleanup." In this demotion, plaintiff was required and directed to work with toxic and/or harmful chemicals, without proper protection, and contrary to company policy. She was also advised that she was not getting the promised raise of only a month earlier, and that she was no longer safety assistant. No action was taken as to Blanchard's harassment, and Blanchard actually threatened "to ruin" plaintiff if she pursued her complaints.

9. On June 15, 2007, plaintiff was forced to relinquish her job out of fear for her safety, as the defendants, and each of them, had demonstrated by their actions in demoting plaintiff and forcing her to do hazardous materials cleanup without proper protection that they had no concern for her safety, and that they were willing to flaunt company and OSHA safety rules in order to subject plaintiff to health dangers and risks, in retaliation for her complaining of being sexually harassed by Blanchard. Plaintiff was told by Sarzotti that she was not a full time employee, and that she was not being paid for overtime, contrary to earlier representations about her status, and contrary to law.

10. Upon information and belief, defendants, and each of them other than Blanchard, in violation of Gov. Code §§ 12940 (j) and (k), and the public policy of this state, failed and refused to conduct a proper investigation of the allegations of plaintiff with regard to the conduct of Blanchard, failed to take all reasonable steps necessary to prevent discrimination and harassment on the basis of plaintiff's sex, and retaliated against plaintiff for engaging in a protected activity, complaining about sexual harassment.

11. The retaliation against Plaintiff was intended to discourage Plaintiff and others from complaining of sexual harassment in that workplace, or from complaining about illegal activity. In addition, the discharge constitutes discrimination against plaintiff on the basis of, and in retaliation for Plaintiff's opposing defendant's unlawful employment practices, in violation of fundamental public policies set forth in the California Constitution, in the Fair Employment and Housing Act, Gov. Code § 12940 *et seq.*, the Unruh Act, and numerous other statutory provisions.

12. As a result of defendants', and each of them, wrongful retaliation against plaintiff,

plaintiff has suffered embarrassment, humiliation, fear for her safety, emotional distress, loss of past and future earnings and earning capacity, employment benefits, medical expenses, and other special damages according to proof.

13. Plaintiff has complied with all statutory requirements for filing suit, as claims were made with the CA Department of Fair Employment and Housing in a timely manner on or about June 27, 2007, for retaliatory termination in response to the sexual harassment complaint made by Plaintiff as set forth above. Plaintiff received right to sue letters as to defendants herein, and each of them, from that agency dated June 29, 2007.

15. The retaliatin against Plaintiff in violation of her statutory rights, as set forth above, was despicable conduct by defendants, and each of them, intended to vex, injure and annoy Plaintiff, and was done with malice and oppression toward Plaintiff, or in a conscious disregard of Plaintiff's rights. Such conduct by defendants, and each of them, entitles Plaintiff to punitive damages, by way of example, against defendants, and each of them, in an amount according to proof.

### Second Cause of Action
### Sexual Harassment Against All Defendants

16. The allegations of Paragraphs 1-15 are incorporated at this place as if fully set forth.

17. In perpetrating the above-described actions the defendants, and each of them, and/or their agents/employees, engaged in a pattern and practice of unlawful sexual harassment in violation of CA Gov. Code §12940(h). Defendants and each of them and/or their agents/employees sexually harassed plaintiff and/or failed to take immediate and appropriate corrective action. The harassment was sufficiently pervasive and severe as to alter the conditions of employment and to create a hostile or abusive work environment.

18. As a result of defendants' unlawful conduct, plaintiff has suffered embarrassment, humiliation, fear for her safety, emotional distress, loss of past and future earnings and earning capacity, employment benefits, medical expenses, and other special damages according to proof.

Complaint for Damages — 4 —

1  Wherefore, Plaintiff prays for damages as set forth below:

2  1. For all actual, consequential and incidental financial losses, including but not limited to
3  loss of earnings and employment benefits, together with pre-judgment interest, according to
4  proof;

5  2. For compensatory and general damages according to proof;

6  3. For statutory attorneys' fees and costs of suit herein;

7  4. For exemplary damages according to proof;

8  5. For prejudgment and post-judgment interest according to any applicable provision of law,
9  according to proof;

10 6. For such other and further relief s the court may deem proper under the circumstances.

Dated: July 17, 2007                    LAMBERTO & KREGER

                                        By: _____
                                        PETER N. LAMBERTO
                                        Attorneys for Plaintiff LisaMarie Brayden

Complaint for Damages                    - 5 -

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | Reserved for Clerk's File Stamp |
|---|---|
| Brayden, LisaMarie,<br>Plaintiff/Petitioner<br><br>vs.<br><br>PSC Industrial Outsourcing, Inc. et a,<br>Defendant/Respondent | **FILED**<br>AUG 10 2007<br>LISA M. GALDOS<br>CLERK OF THE SUPERIOR COURT<br>_____ DEPUTY<br>H. SPICER |
| CASE MANAGEMENT NOTICE | Case No. M85575 |

**Case Management Conference Date: May 1, 2008 at 9:00 a.m.**

1. NOTICE is hereby given that a CASE MANAGEMENT STATEMENT shall be filed with the Court and served on all parties NO LATER than: 30 days before the above date of the initial CASE MANAGEMENT CONFERENCE.

2. No party may stipulate to extend any of the dates set above.

3. At the CASE MANAGEMENT CONFERENCE, it is expected that trial counsel for each party and each self-represented party shall attend and be fully prepared to participate effectively in the conference.

4. On receipt of the CASE MANAGEMENT STATEMENT and at or before the CASE MANAGEMENT CONFERENCE the Court may make the following orders:

   a. refer the matter to arbitration, the court-directed mediation program, or other alternative dispute resolution procedures;
   b. identify the case as one which may be protracted and in need of special attention;
   c. assign the case to a particular judge for all purposes:
   d. assign a mandatory settlement conference and trial date;
   e. make orders establishing discovery schedules and cut-offs, including expert witness disclosure and discovery;
   f. make appropriate Trial Management Orders; and/or
   g. make any other orders to achieve the interests of justice and the timely disposition of the case, including the setting of additional Status Conferences.

5. It is the policy of this Court that all complaints and cross-complaints be filed and served, all challenges to the pleadings be heard, and the matter be at-issue no later than 180 days from the filing of the complaint. It is the policy of this Court that all civil matters be resolved in no more than 12 to 24 months of the filing of the complaint.

6. Failure to file the CASE MANAGEMENT STATEMENT, attend the CASE MANAGEMENT CONFERENCE and participate effectively, or comply with any CASE AND TRIAL MANAGEMENT RULES may result in sanction.

7. It is the responsibility of the parties and/or their attorneys to be familiar with the Monterey County Case and Trial Management Policies and Rules and to comply therewith.

BY ORDER OF THE PRESIDING JUDGE

Date: August 10, 2007          By: _____ H. SPICER
                                        Deputy Clerk



# Alternative Dispute Resolution
## OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.

**Advantages of ADR**
Here are some potential advantages of using ADR:
- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

**What Are the ADR Options?**
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

**Mediation**
In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. There-fore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): <br><br> TELEPHONE NO.:          FAX NO. (Optional) <br> EMAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): <br> **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY** <br> MAILING ADDRESS: 1200 Aguajito Road <br> CITY AND ZIP CODE: Monterey, CA 93940 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **Request to Vacate or Continue Initial Case Management Conference and Order** | Case Number: |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

> ▸ IF APPLICABLE, THIS REQUEST AND ORDER MUST BE FILED CONCURRENTLY WITH THE CASE MANAGEMENT STATEMENTS, WHICH ARE DUE NO LATER THAN 30 DAYS BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE.
>
> ▸ PER LOCAL RULE 6.08(g), IF THE PARTIES DO NOT RECEIVE A SIGNED COPY OF THE ORDER GRANTING THE REQUEST, THEY MUST ATTEND THE CASE MANAGEMENT CONFERENCE.

Counsel and the parties certify that the initial Case Management Conference should be vacated or continued for the following reasons [circle one]:

1. All parties have appeared and agree to engage in the below ADR program [check one]:

   ☐ Court-Directed mediation          ☐ Private mediation
   ☐ Nonbinding judicial arbitration   ☐ Private arbitration          THE
   ☐ Other:

   **PARTIES AGREE TO COMPLETE THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM WITHIN 90 DAYS OF THE FILING OF THIS FORM.** Further Case Management Conference is requested

2. Case is concluded and judgment or dismissal has been entered as to all parties.

3. Case has settled; dismissal shall be filed on or before _____.

4. Case is at-issue and all parties agree that matter may be set for trial without the necessity of a Case Management Conference.

5. All defendants have not been served and the plaintiff has been granted an extension by the court until _____ to complete service on all defendants. Further Case Management Conference is requested.

6. A defendant has filed bankruptcy; case should be stayed pending the completion of bankruptcy. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any action by the debtor or the Bankruptcy Court that would act as a lifting of said stay.

7. Case has been removed to Federal Court. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any remand back to Superior Court or of any judgment or dismissal filed in the Federal Court.

| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

8. Plaintiff has obtained a default as to all defendants and will perfect the default by entry of court or clerk judgment in timely manner. Further Case Management Conference is requested.

9. All defendants have appeared and discovery is proceeding in a timely manner. For reasons set forth in the parties' Case Management Statements, the case should be designated (circle one) Category I, Category II or Category III. Parties anticipate case will be ready to set for trial as of _____. Further Case Management Conference is requested.

10. Other:
_____
_____
_____
_____. Further Case Management Conference is requested.

_____          _____
Counsel for Plaintiff (print name)             Counsel for Defendant (print name)

_____          _____
Signature                                                Signature

_____          _____
Counsel for Plaintiff (print name)             Counsel for Defendant (print name)

_____          _____
Signature                                                Signature

*For additional parties, attach additional signature pages as needed.*

---

Good Cause appearing, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated.

❏ Supplemental Case Management Statements shall be filed as set forth in 6 or 7 above.

❏ Receipt of Dismissal is set for _____.

❏ Further Case Management Conference is set for _____.
Parties shall file Case Management Statements prior to said hearing per Local Rule 6.08(e).

**PLAINTIFF MUST SERVE A COPY OF THIS ORDER ON ALL PARTIES.**

Dated: _____          _____
                                                              *Judge of the Superior Court*