# EXHIBIT B

SEP-20-2007  16:24     SAYLER LEGAL SVC                    831 384 4031     P.02

**FILED**

SEP 2 0 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEPUTY

1  SEYFARTH SHAW LLP
   Dana L. Peterson (State Bar No.: 178499)
2  Sharon Ongerth Rossi (State Bar No.: 232725)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   PSC Industrial Outsourcing, Inc., Joe Hamby and Bruce Robinson
6

7

8  **BY FAX**

9  SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF MONTEREY

11 LISAMARIE BRAYDEN              )   Case No. M 85575
                                  )
12        Plaintiff,              )   **ANSWER TO COMPLAINT**
                                  )
13    v.                          )
                                  )
14 PSC INDUSTRIAL OUTSOURCING, INC., )
   JOE HAMBY, BRUCE ROBINSON and DOES)
15 1-10, inclusive,               )
                                  )
16        Defendants.             )
                                  )
17 _____

18     Defendants PSC INDUSTRIAL OUTSOURCING, INC., a Delaware Corporation

19 ("PSC"), JOE HAMBY, an individual ("Hamby") and BRUCE ROBINSON, an individual

20 ("Robinson"), collectively referred to herein as "Defendants," on behalf of themselves and no

21 others, hereby answer the Complaint of Plaintiff LISAMARIE BRAYDEN ("Plaintiff") as

22 follows:

23                        **GENERAL DENIAL**

24     Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants generally

25 deny each and every allegation and cause of action in Plaintiff's Complaint, and without limiting

26 the generality of the foregoing, deny Plaintiff has been damaged in any amount, or at all, by

27 reason of any act or omission of Defendants.

28

ANSWER TO COMPLAINT                                    CASE NO. M 85575

TOTAL P.02



Separately, and as defenses to each of the purported causes of action alleged against Defendants in Plaintiff's Complaint, Defendants allege as follows:

### FIRST DEFENSE

(Failure to State Cause of Action)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

### SECOND DEFENSE

(No Injury)

Plaintiff has sustained no injury or damages by reason of any act of any Defendant.

### THIRD DEFENSE

(Statute of Limitations)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 340(a) and California Government Code section 12960.

### FOURTH DEFENSE

(Failure to Exhaust)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff failed to exhaust her administrative remedies and/or statutory prerequisites in a complete and timely manner under applicable law, including but not limited to, the California Fair Employment and Housing Act.  (Government Code §§ 12940 *et seq.*).

### FIFTH DEFENSE

(Scope of Administrative Charge)

Defendants are informed and believe and thereon allege that the Court lacks subject matter jurisdiction over all claims and allegations in the Complaint that are not contained in Plaintiff's charges of discrimination filed with the California Department of Fair Employment and Housing.

2

ANSWER TO COMPLAINT                                    CASE NO. M 05575



### SIXTH DEFENSE

#### (Legitimate, Good-Faith, Privileged Reasons)

Plaintiff's Complaint, and each purported cause of action alleged against Defendants, is barred because the alleged treatment complained of by Plaintiff, if it occurred, is permissible as it was privileged, justified, and based on legitimate, good-faith, non-discriminatory and non-pretextual reasons.

### SEVENTH DEFENSE

#### (Failure to Take Advantage of Corrective Opportunities)

Plaintiff's Complaint, and each purported cause of action alleged are barred, and any recovery of damages is precluded in whole or in part because, on information and belief, Plaintiff unreasonably failed to take advantage of PSC's preventive or corrective opportunities, or unreasonably failed to avoid harm otherwise.

### EIGHTH DEFENSE

#### (Prompt Remedial Action)

To the extent that Plaintiff timely complained of any unlawful conduct, prompt remedial action was taken.

### NINTH DEFENSE

#### (Managerial Immunity)

Plaintiff's Complaint, and each purported cause of action alleged against Defendants Robinson and Hamby, are barred under the doctrine of managerial immunity in that to the extent Plaintiff is able to establish that the individually named Defendants were her managers at all material times, or that Defendants Robinson and Hamby and/or other employees of PSC acted within the course and scope of their employment with PSC.

### TENTH DEFENSE

#### (No Vicarious Liability)

Defendant PSC may not be held vicariously liable because it exercised reasonable care to prevent and promptly correct any alleged harassing or otherwise unlawful behavior, and Plaintiff

 

unreasonably failed to take advantage of the preventive or remedial mechanisms for reporting and resolving her claims, or to avoid harm otherwise.

## ELEVENTH  DEFENSE

### (Acts Outside Course and Scope of Employment)

Defendant PSC is not liable for the alleged conduct of its employee(s) to the extent that such conduct was outside the course and scope of his/her employment.

## TWELFTH DEFENSE

### (Set-Off)

Defendant PSC is entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of Defendant PSC or others, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

## THIRTEENTH DEFENSE

### (After-Acquired Evidence)

Defendants are informed and believe and thereon allege that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## FOURTEENTH DEFENSE

### (Waiver)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

## FIFTEENTH DEFENSE

### (Estoppel)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff is estopped by her own conduct to claim any right to damages or any relief against Defendants.

///

ANSWER TO COMPLAINT                                    CASE No. M 05575



## SIXTEENTH DEFENSE

### (Laches)

The Complaint, and each cause of action attempted to be stated therein, is barred in whole or in part by the doctrine of laches.

## SEVENTEENTH DEFENSE

### (Unclean Hands)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff has unclean hands.

## EIGHTEENTH DEFENSE

### (Consent and Ratification)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent any conduct attributable to Defendants was ratified or consented to by Plaintiff.

## NINETEENTH DEFENSE

### (Comparative Negligence)

If any Defendant is judged to be liable to Plaintiff, any such judgment must be reduced by an amount equal to that portion of the judgment in proportion to the comparative negligence and/or fault of the Plaintiff and/or other individuals or entities causing Plaintiff's damages.

## TWENTIETH DEFENSE

### (Failure to Mitigate Damages)

Defendants are informed and believe and thereon allege Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages and/or earnings potential must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

## TWENTY-FIRST DEFENSE

### (Avoidable Consequences)

Plaintiffs' damages are limited because Plaintiff is precluded from seeking those damages she could have avoided by reasonable effort or expenditure.




**TWENTY-SECOND DEFENSE**

(Workers' Compensation Exclusivity)

Plaintiff's claims for purported physical or emotional injuries allegedly suffered during or as a result of his employment are barred in whole or in part because Plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act.

**TWENTY-THIRD DEFENSE**

(Pre-existing Condition or Alternative Cause)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

**TWENTY-FOURTH DEFENSE**

(Failure to State Claim for Punitive Damages)

Some or all of Plaintiff's causes of action fail to state facts sufficient to constitute a claim for punitive damages against Defendants.

**TWENTY-FIFTH DEFENSE**

(Unconstitutionality of Punitive Damages)

Plaintiff's causes of action are barred to the extent that punitive damages are unconstitutional under the California and United States Constitutions.

**TWENTY-SIXTH DEFENSE**

(Lack of Malice)

Defendants allege that, assuming, *arguendo*, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendants.

**TWENTY-SEVENTH DEFENSE**

(Employment Decisions Contrary to Employer's Policies)

Plaintiff may not recover punitive damages for alleged discriminatory or retaliatory employment decisions or conduct to the extent that those decisions or alleged conduct are contrary to policies Defendant PSC has instituted in good faith against wrongful conduct.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-EIGHTH DEFENSE

(Reasonable Care)

Plaintiff's Complaint, and each purported cause of action alleged are barred, and any recovery of damages is precluded in whole or in part, because PSC exercised reasonable care to prevent and promptly correct any alleged harassing or retaliatory behavior in that it had an equal employment opportunity policy, and an anti-retaliation and an anti-harassment policy which were communicated to all employees and strictly enforced.

## DEFENDANTS' REQUEST FOR COSTS AND ATTORNEYS' FEES

Plaintiff knew or should have known that her claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or reversal of existing law. As a result of Plaintiff's filing of this Complaint, Defendants have been required to obtain the services of the undersigned attorneys, and have incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case, and Defendants are therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with Rule 11 of the Federal Rules of Civil Procedure, and/or California Code of Civil Procedure Section 128.7.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.    Plaintiff take nothing by the Complaint;

2.    Plaintiff be denied each and every demand and prayer for relief contained in the Complaint.

3.    The Complaint be dismissed in its entirety with prejudice;

4.    For costs of suit incurred herein;

5.    For reasonable attorneys' fees; and

///

///

ANSWER TO COMPLAINT

7

6.    For such other and further relief as the Court deems just and proper.

DATED: September  20, 2007

SEYFARTH SHAW LLP

By:    Sharon Ongerth Rossi
Attorneys for Defendants PSC Industrial
Outsourcing, Inc., Joe Hamby and Bruce
Robinson

SF1 28263474 1 / 35655-000023

ANSWER TO COMPLAINT                                      8                         CASE NO. M 85575



# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On September 20, 2007, I served the within documents:

## ANSWER TO COMPLAINT

☐ I sent such document from facsimile machine (415) 397-8549 on September 20, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Peter N. Lamberto, Esq.
LAMBERTO & KREGER
160 West Santa Clara, Suite 1050
San Jose, CA 95113-2311

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

Executed on September 20, 2007, at San Francisco, California.

_____
Regina Wyrick-Berry

Proof of Service / Case No.: M85575
SF1 28302482.1