# EXHIBIT 1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
Lisa Marie Brayden

**DEFENDANTS**
PSC Outsourcing, Inc.
Mark Blanchard
Bruce Robinson
Joe Hamby

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Stanislaus
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Delaware/Texas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Peter N. Lamberto
Lamberto & Kreger
160 W. Santa Clara, #1050
San Jose, CA 95113
(408) 999-0300

ATTORNEYS (IF KNOWN)
Dana Peterson           (415) 397-2823
Sharon O. Rossi
Seyfarth Shaw, LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)  AND ONE BOX FOR DEFENDANT

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury -Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement o. Judgment | ☐ 330 Federal Employers Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 540 Mandamus & Other | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl / ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |
| | ☐ 446 Amer w/ disab - Other | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
California Government Code Section 12940 et seq., Sexual Harrassment and Wrongful Termination.  Removal under 28 USC 1441(a); Defendant Hamby is a sham Defendant.

## VII. REQUESTED IN COMPLAINT:  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND     ☒ SAN JOSE

DATE _____      SIGNATURE OF ATTORNEY OF RECORD

JS 44 Page 2
(Rev. 11/04)

 

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.   Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

American LegalNet, Inc.

1  SEYFARTH SHAW LLP
   Dana L. Peterson (State Bar No. 178499)
2  Sharon Ongerth Rossi (State Bar No. 232725)
   560 Mission Street, Suite 3100
3  San Francisco, CA 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8459
   dpeterson@seyfarth.com
5  srossi@seyfarth.com

6  Attorneys for Defendants
   PSC Industrial Outsourcing, Inc., Bruce Robinson and Joe Hamby
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11 LISAMARIE BRAYDEN,                 )  Case No.: _____
                                      )
12            Plaintiff,              )  [Removed from Monterey County
                                      )  Superior Court, Case No. M85575]
13      vs.                           )
                                      )  **NOTICE OF REMOVAL TO FEDERAL
14 PSC INDUSTRIAL OUTSOURCING,        )  COURT UNDER 28 U.S.C.§
   INC., MARK BLANCHARD, JOE HANBY,   )  1441(b) (DIVERSITY
15 BRUCE ROBINSON and Does 1          )  JURISDICTION)**
   through 1-50,                      )
16                                    )  Complaint Filed: Aug. 1, 2007
              Defendants.             )  Removal Date: Sept. , 2007
17                                    )  Trial Date:   None Set
                                      )
18 _____  )

19     TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

20 DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF

21 RECORD:

22     PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§

23 1332(a)(1), 1441(a) and 1446, Defendants PSC INDUSTRIAL

24 OUTSOURCING, INC. ("PSC"), JOE HAMBY("Hamby")AND BRUCE ROBINSON

25 ("Robinson") (hereinafter collectively referred to as

26 "Defendants") hereby remove the above-entitled action from the

27 Superior Court of the State of California in and for County of

28

NOTICE OF REMOVAL

1   Monterey, to the United States District Court for the Northern

2   District of California.

3   <center>**REMOVAL JURISDICTION**</center>

4   1.   <u>Legal Framework</u>.  This Court has original jurisdiction

5   over this action under 28 U.S.C. §1332 because this action

6   involves citizens of different states and the matter in

7   controversy exceeds the sum of $75,000, exclusive of interest

8   and costs.  In support of this removal, Defendants make the

9   following showing:

10   2.   <u>Plaintiff's Complaint</u>. On August 1, 2007, Plaintiff

11   LisaMarie Brayden ("Plaintiff") filed a Complaint in the

12   Superior Court of the State of California in the County of

13   Monterey, entitled *LisaMarie Brayden v. PSC Industrial*

14   *Outsourcing, Inc. et al.*, Case No. M 85575 ("Complaint"). A copy

15   of the Complaint is attached as **Exhibit A** to the Declaration of

16   Sharon Rossi ("Rossi Decl.").  The Complaint purports to allege

17   two causes of action: (1) wrongful termination in violation of

18   public policy and Government Code section 12940 *et seq.* and (2)

19   sexual harassment.

20   3.   <u>Service of Complaint.</u>  Defendants received notice of

21   this lawsuit on or about August 22, 2007, when Defendant Hamby

22   was served a copy of the Summons and Complaint.  Defendant PSC,

23   was also served with a copy of the Summons and Complaint on

24   August 29 , 2007.  Defendant Robinson received a copy of the

25   Complaint on or about August 24, 2007. He has not been served

26   with the Complaint, but voluntarily agreed to appear in this

27   action on September 20, 2007. Plaintiff has not yet served

28   Defendant Blanchard with the Complaint.

<center>-2-</center>

1    4.    <u>Answer Filed in Superior Court</u>. Defendants PSC, Hamby

2    and Robinson filed their Answer to the Complaint in the Monterey

3    County Superior Court on or about September 20, 2007.    *See*

4    **Exhibit B** to Rossi Decl.

5    5.    <u>Removal is Timely</u>. This Notice of Removal is filed

6    within 30 days of the first date of receipt of a copy of the

7    filed Complaint by any Defendant.    Thus, removal is timely

8    pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil

9    Procedure, Rule 6(a).

10    **DIVERSITY JURISDICTION**

11    6.    <u>Grounds for Jurisdiction</u>.    This is a civil action of

12    which this Court has original jurisdiction pursuant to 28 U.S.C.

13    § 1332(a)(1), and is one which may be removed to this Court by

14    Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in

15    that it is a civil action between citizens of different states

16    wherein the amount in controversy is in excess of the sum of

17    Seventy-Five Thousand Dollars ($75,000.00), exclusive of

18    interest and costs.

19    7.    <u>Plaintiff's Citizenship</u>.    Defendants are informed and

20    believe that Plaintiff is, and has been at all times since the

21    commencement of this action, a citizen and resident of the State

22    of California, Stanislaus County.    *See* DFEH Complaint attached

23    as **Exhibit A** to Rossi Decl.    For diversity purposes, a person is

24    a "citizen" of the state in which he is domiciled.    *Kantor v.*

25    *Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

26    A party's residence is *prima facie* evidence of her domicile.

27    *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th

28    Cir. 1994).

-3-

8.   Defendant PSC.  Plaintiff names PSC as a Defendant in each of her two causes of action.  Complaint, ¶¶ 5-15 and 16-18. PSC, was at the time of the filing of this action, incorporated under the laws of the State of Delaware with its principal place of business and headquarters located in Houston, Texas. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

9.   Defendant Robinson.  Plaintiff names Robinson as a Defendant in each of her two causes of action. Complaint, ¶¶ 5-15 and 16-18.  Robinson, was at the time of the filing of this action, and still is domiciled in the State of Washington, and is thus, a citizen of Washington.  See Kantor, 704 F.2d at 1090.

10.   Defendant Blanchard.  Plaintiff names Blanchard as a Defendant in each of her two causes of action.  Blanchard is Plaintiff's former supervisor.  Blanchard, was at the time of the filing of this action, and still is domiciled in the State of Louisiana, and is thus, a citizen of Louisiana. See id.

11.   Defendant Hamby.  Although Plaintiff only references Hamby in one line of her Complaint (i.e., ¶ 3, line 26), Plaintiff also names Hamby as a Defendant in each of her two causes of action. Complaint, ¶¶ 5-15 and 16-18.  Hamby is the site manager of the PSC San Ardo facility, where Plaintiff worked.  Hamby, was at the time of the filing of this action, and still is domiciled in California, and is thus, a citizen of California. See Kantor, 704 F.2d at 1090.

-4-

12.  <u>Joinder of Hamby is Fraudulent</u>.  For the reasons
explained in paragraphs 13-15 below, Hamby is not properly named
as party because Plaintiff cannot establish liability against
him.  A defendant, who has been fraudulently joined, such as
Hamby, must be disregarded for removal purposes.  *McCabe v.
General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)
(holding that discharged employee failed to state cause of
action against individual supervisors, under California law, and
thus their joinder as defendants was sham and their presence did
not destroy diversity); see also *Lewis v. Time, Inc.*, 83 F.R.D.
455, 460 (E.D. Cal. 1979), *aff'd*, 710 F. 2d 549 (9th Cir. 1983)
(court may disregard joinder and retain jurisdiction where
joinder of non-diverse defendant is only a fraudulent device to
prevent removal).

13.  <u>Plaintiff's Claims Against Hamby are Not Actionable</u>.
The causes of action against Defendant Hamby are (1) wrongful
termination in violation of public policy and Government Code
section 12940 *et seq.* and (2) sexual harassment.  None of these
claims are actionable as to this individual Defendant.

14.  <u>Wrongful Termination Claims are Not Actionable Against
Supervisors</u>.  "[I]n California it is well established that,
'[a]s a matter of law, only an employer can be liable for the
tort of wrongful discharge in violation of public policy.'" *Beck
v. FedEx Ground*, 2007 WL 2028581, *3 )(E.D.Cal.2007)(quoting
*Khajavi v. Feather River Anesthesia Med. Group,* 84 Cal.App.4th
32, 53 (2003)). Because Plaintiff was employed exclusively by
PSC, none of the individual Defendants, including Hamby, can be
held liable as to the second cause of action.  Thus, as a matter

-5-

1  of law, Plaintiff first cause of action against Hamby is wholly

2  without merit. As such, Plaintiff has fraudulently joined Hamby

3  as a Defendant in her first cause of action. *McCabe*, 811 F.2d at

4  1339 (providing, "If the plaintiff fails to state a cause of

5  action against a [ ] defendant, and the failure is obvious

6  according to the settled rules of the state, the joinder of the

7  [ ] defendant is fraudulent.")

8       15.  <u>Plaintiff's Sexual Harassment Claim Against Hamby is</u>

9  <u>Wholly Devoid of Merit</u>. Equally spurious is the second cause of

10 action against Hamby, for sexual harassment.  Plaintiff alleges

11 that Blanchard sexual harassed her by, *inter alia* "assaulting

12 her on two occasions by pulling out her top and peering down at

13 her breasts, and by grabbing her forcefully by the buttocks."

14 Complaint,¶ 7.  Plaintiff, however, does not make any specific

15 allegations against Hamby in regards to this cause of action. In

16 fact, in her Complaint, Plaintiff makes only one reference to

17 Hamby as follows:  "Defendant Joe Hanby, [sic.] at all times

18 relevant hereto, was the Site manager at the same facility."

19 Complaint, ¶ 3.  There are no other factual allegations as to

20 Hamby to even remotely suggest that he ever engaged in any

21 sexually harassing conduct toward Plaintiff, or engaged in any

22 alleged inappropriate conduct whatsoever. Instead, she simply

23 concludes that "Defendants and each of them and/or their

24 agents/employees sexually harassed plaintiff and/or failed to

25 take immediate and appropriate and appropriate corrective

26 action." Complaint, ¶17. This is insufficient to state a cause

27 of action against Hamby. Supervisors cannot be vicariously

28 liable acts of the subordinates.  *See* CIV. CODE § 2351 ("agent is

1   not responsible to third persons for the acts of the sub-

2   agent"). Furthermore, supervisory employees cannot be held

3   liable for failing to take action to prevent the sexual

4   harassment of a subordinate employee. *Fiol v. Doellstedt*, 50

5   Cal.App.4th 1318, 1326 (1996) (stating "a supervisory employee

6   owes no duty to his or her subordinate employee to prevent

7   sexual harassment in the workplace. That is a duty owed only by

8   the employer. . . We conclude a supervisory employee is not

9   personally liable under the FEHA as an aider and abettor of

10   harassment for failing to prevent the sexual harassment of a

11   subordinate employee")(internal citations omitted). Thus,

12   Plaintiff has fraudulently joined Defendant in her second cause

13   of action as well. *See McCabe*, 811 F.2d at 1339.

14       16. <u>Doe Defendants</u>. The presence of Doe defendants in this

15   case has no bearing on diversity with respect to removal. "For

16   purposes of removal under this chapter, the citizenship of

17   defendants sued under fictitious names shall be disregarded."

18   28 U.S.C. § 1441(a).

19       17. <u>The Amount In Controversy Exceeds the Jurisdictional</u>

20   <u>Limit</u>. The amount in controversy in this action, exclusive of

21   interest and costs, exceeds the sum of Seventy-Five Thousand

22   Dollars ($75,000).[1] In the Complaint, Plaintiff alleges that she

23   has suffered and continues to suffer damages, including

24   "embarrassment, humiliation, fear for her safety, emotional

25   distress, loss of past and future earnings and earning capacity,

---

26   [1] Notably, Plaintiff's failure to specify the amount of damages sought in the Complaint does not

27   deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding plaintiff's

28   failure to plead a specific dollar amount in controversy; if rules were otherwise, "any plaintiff could avoid removal simply by declining ... to place a specific dollar value on its claim").

1  employment benefits, medical and other special damages according
2  to proof." Complaint, ¶¶ 13 and 18. Additionally, Plaintiff
3  prays for punitive damages. Complaint, ¶ 15 and pg. 5, line 7.
4  Requests for punitive damages must be taken into account in
5  ascertaining the amount in controversy. *Davenport v. Mutual*
6  *Benefit Health and Accident Assn.*, 325 F.2d 785, 787 (9th Cir.
7  1963). Finally, Plaintiff prays for attorneys' fees and costs.
8  Complaint, pg. 5, line 6. If attorneys' fees are recoverable by
9  statute or contract, then the fees claim is included in
10  determining the amount in controversy. *Goldberg v. CPC Int'l,*
11  *Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459
12  U.S. 945 (1982).

13       In determining whether a complaint meets the amount in
14  controversy threshold of 28 U.S.C. § 1332(a), a court should
15  consider the aggregate value of claims for compensatory and
16  punitive damages. *See, e.g., Bell v. Preferred Life Assurance*
17  *Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy
18  requirement met if plaintiff "might recover" award of
19  compensatory and punitive damages in excess of amount in
20  controversy requirement). Accordingly, Plaintiff's alleged
21  economic, compensatory, and punitive damages bring the total
22  amount in controversy to a sum exceeding $75,000. The amount in
23  controversy requirement is satisfied because it is "more likely
24  than not" that the amount in controversy exceeds the
25  jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*,
26  102 F.3d 398, 404 (9th Cir. 1996).

27       18. <u>This Court Possess Original Jurisdiction.</u> Under 28
28  U.S.C. § 1332(a)(3), this Court possesses original jurisdiction

1  over this action because it involves an amount in controversy in

2  excess of $75,000 and is between citizens of different states.

3  Consequently, the case is properly removed to this Court

4  pursuant to the provisions of 28 U.S.C. § 1441.

5  <div align="center">**VENUE**</div>

6      19.  Venue lies in the Northern District of California.

7  This action was originally brought in the Superior Court of the

8  State of California, County of Monterey.  All of the alleged

9  wrongful conduct which Plaintiff complains of took place in San

10  Ardo, California, which is located in Monterey County.

11  Complaint, ¶ 1.  A civil action founded on diversity

12  jurisdiction may be venued in a judicial district in which a

13  substantial part of the events or omissions giving rise to the

14  wrongful conduct occurred.  28 U.S.C.§ 1391(a).  Monterey County

15  is part of the Northern District of California. 28 U.S.C. §

16  84(a). Accordingly, venue is proper.

17  <div align="center">**NOTICE TO PLAINTIFF AND STATE COURT**</div>

18      16.  Compliance with 28 U.S.C.§ 1446(d).  Pursuant to 28

19  U.S.C. § 1446(d), Defendants, concurrently with filing this

20  Notice of Removal, is filing a Notice of Removal with the Clerk

21  of the Superior Court for the County of Monterey. In addition,

22  Defendants are serving Plaintiff's Counsel with a copy of the

23  Notice of Removal. *See* **Exhibits C** to Rossi Decl.

24      WHEREFORE, Defendants pray that the above action now

25  pending before the Superior Court of the State of California for

26  the County of Monterey be removed to this Court.

27

28

<div align="center">-9-</div>

1    DATED: September 21, 2007

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEYFARTH SHAW LLP

By _____
Sharon Ongerth Rossi
Attorneys for Defendants
PSC INDUSTRIAL OUTSOURCING,
INC., BRUCE ROBINSON AND JOE
HAMBY

-10-

```
 1 │ SEYFARTH SHAW LLP
   │ Dana L. Peterson (State Bar No. 178499)
 2 │ Sharon Ongerth Rossi (State Bar No. 232725)
   │ 560 Mission Street, Suite 3100
 3 │ San Francisco, CA 94105
   │ Telephone: (415) 397-2823
 4 │ Facsimile: (415) 397-8459
   │ dpeterson@seyfarth.com
 5 │ srossi@seyfarth.com
   │
 6 │ Attorneys for Defendants
   │ PSC Industrial Outsourcing, Inc., Bruce Robinson and Joe Hamby
 7 │
   │
 8 │
   │
 9 │            UNITED STATES DISTRICT COURT
   │
10 │          NORTHERN DISTRICT OF CALIFORNIA
   │
11 │ LISAMARIE BRAYDEN,              )  Case No.: _____
   │                                )
12 │           Plaintiff,           )  [Removed from Monterey County
   │                                )  Superior Court, Case No. M85575]
13 │      vs.                       )
   │                                )  DECLARATION OF SHARON ONGERTH
14 │ PSC INDUSTRIAL OUTSOURCING,     )  ROSSI IN SUPPORT OF
   │ INC., MARK BLANCHARD, JOE HANBY,)  DEFENDANTS' NOTICE OF REMOVAL
15 │ BRUCE ROBINSON and Does 1       )  TO FEDERAL COURT UNDER 28
   │ through 1-50,                   )  U.S.C.§ 1441(b) (DIVERSITY
16 │                                )  JURISDICTION)
   │           Defendants.          )
17 │                                )  Complaint Filed:  Aug. 1, 2007
   │ _____)  Removal Date:  Sept. 21, 2007
18 │                                   Trial Date:   None Set
```

19    I, Sharon Ongerth Rossi, declare as follows:

20    1.    I have personal knowledge of the facts stated herein,

21 and if called to testify, I could and would testify competently

22 thereto.

23    2.    I am an associate with the law firm Seyfarth Shaw LLP,

24 counsel of record for Defendants PSC Industrial Outsourcing,

25 Inc., Bruce Robinson and Joe Hamby ("Defendants"). I am

26 licensed to practice law in California and am a member in good

27 standing of the California State Bar. I make this declaration

28 in support of Defendants' Notice of Removal.

1    3.    Attached hereto as **Exhibit A**, is a true and correct

2    copy the Department of Fair Employment Housing Charge filed

3    against Mark Blanchard and the Summons and Civil Complaint in

4    the matter of *Lisa Marie Brayden v. PSC Outsourincg, Inc. et*

5    *al.*, Case No. M85575.

6    4.    Attached hereto as **Exhibit B**, is a true and correct

7    copy of Defendants' Answer to Plaintiff's Civil Complaint, filed

8    in the Monterey County Superior Court.

9    5.    Attached hereto as **Exhibit C**, is a true and correct

10   copy of the written notice of the filing of this Notice of

11   Removal concurrently filed with the Monterey Superior Court and

12   served on Plaintiff's counsel, as of the date of this

13   declaration.

14   I declare under penalty of perjury under the laws of the

15   State of California that the forgoing is true and correct.

16   Executed this 21st day of September, 2007 at San Francisco,

17   California.

18

19

20

21                                              SHARON ONGERTH ROSSI

22

23

24

25   SF1 28302590.1

26

27

28                                    -2-

DEC. OF S.ROSSI IN SUPPORT OF DEFS' NOTICE OF REMOVAL TO FEDERAL COURT



**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<div style="text-align:right">FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PSC Industrial Outsourcing, Inc., Mark Blanchard, Joe Hamby, Bruce
Robinson, and Does 1-50

**FILED**

AUG 0 1 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEBBIE K. DIXON DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LisaMarie Brayden

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>12oo Aguajito Rd., Monterey, CA 93940 | CASE NUMBER:<br>*(Número del Caso):*<br>**M 8 5 5 7 5** |
|---|---|

Monterey County Superior Court
1200 Aguajito Road
Monterey, CA 93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter Lamberto. 160 W. Santa Clara St., #1050, San Jose, CA 95113   408 999-0300

| DATE: **AUG 0 1 2007** LISA M. GALDOS | Clerk, by DEBBIE K. DIXON | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
  ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
  ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
  ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com



Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlae Massetti*

Marlene Massetti
District Administrator


cc:    Case File


MARK BLANCHARD
AS AN INDIVIDUAL
PSC INDUSTRIAL OUTSOURCINH
62117 RAILROAD ST, P O BOX 431
SAN ARDO, CA  93450

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0344 TTY (800) 700-2320 Fax (408) 325-0339
www.dfeh.ca.gov



June 29, 2007


PETER N LAMBERTO
ATTORNEY
LAMBERTO & KREGER
160 W SANTA CLARA ST #1050
SAN JOSE, CA 95113

RE:    E200607G1352-01-sc
       BRAYDEN/BLANCHARD, MARK, AS AN INDIVIDUAL

Dear PETER N LAMBERTO:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 27, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # ___E-200607-G-1352-01-sc___

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)
LISA MARIE BRAYDEN

TELEPHONE NUMBER (INCLUDE AREA CODE)
831-278-2509

ADDRESS
3742 MINNIEAR AVENUE

CITY/STATE/ZIP
MODESTO, CA 95357

COUNTY
STANISLAUS

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
MARK BLANCHARD

TELEPHONE NUMBER (Include Area Code)

ADDRESS
62117 RAILROAD ST, P.O. BOX 431, SAN ARDO

DFEH USE ONLY

CITY/STATE/ZIP
SAN ARDO, CA 93450

COUNTY
MONTEREY

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
85

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)
6/15/07

RESPONDENT CODE

THE PARTICULARS ARE:

On MAY 22, MAY 30 I was
& JUNE 15, 2007

- fired
- laid off
- [X] demoted
- [X] harassed
- genetic characteristics testing
- [X] forced to quit
- denied employment
- denied promotion
- denied transfer
- denied accommodation
- impermissible non-job-related inquiry
- other (specify)
- denied family or medical leave
- denied pregnancy leave
- denied equal pay
- denied right to wear pants
- denied pregnancy accommodation

by MARK BLANCHARD    HEALTH & SAFETY MANAGER
   Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of my:
- [X] sex
- age
- religion
- race/color
- national origin/ancestry
- marital status
- sexual orientation
- association
- physical disability
- mental disability
- other (specify)
- cancer
- genetic characteristic
- (Circle one) filing;
Protesting; participating in
investigation (retaliation for)

the reason given by MARK BLANCHARD THREATENED HE'D "RUIN ME" FOR
                     Name of Person and Job Title   COMPLAINING ABOUT HARASSMENT

Was because of
[please state
what you believe
to be reason(s)]

MY HARASSMENT COMPLAINT AGAINST HIM.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 6/13/2007

At SAN ARDO
   City

COMPLAINANT'S SIGNATURE

**RECEIVED**

DATE FILED: JUN 2 7 2007

JUN 2 7 2007

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DEPT. OF FAIR EMPLOYMENT AND HOUSING    STATE OF CALIFORNIA

1  PETER N. LAMBERTO, State Bar No. 061813
   LAMBERTO & KREGER
2  160 West Santa Clara, Suite 1050
   San Jose, CA 95113-2311
3  Telephone: (408) 999-0300
   Facsimile: (408) 999-0301
4
   Attorneys for Plaintiff LisaMarie Brayden
5

**FILED**

AUG 0 1 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
BY: DETTIE K. DIMSE DEPUTY

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY

9

10  LisaMarie Brayden,                          Case No.  **M 8 5 5 7 5**

11
                        Plaintiff,             **COMPLAINT FOR DAMAGES
12                                              FOR WRONGFUL
    vs.                                         RETALIATORY TERMINATION,
13                                              AND FOR SEXUAL
    PSC Industrial Outsourcing, Inc., Mark Blanchard,  HARASSMENT**
14  Joe Hamby, Bruce Robinson, and Does 1-50,  [Gov. Code § 12940 et seq.]

15                      Defendants.

16

17     Comes now Plaintiff LisaMarie Brayden, and alleges as follows:

18        1.  Plaintiff LisaMarie Brayden, at all times relevant hereto, was a resident of

19  Monterey County, CA.  Between approximately March 1, 2007 and June 15, 2007, Plaintiff

20  was employed by defendant PSC Industrial Outsourcing, Inc. (hereafter PSC) at its facility

21  located in San Ardo, County of Monterey, CA.

22        2.  The occurrences that are alleged herein took place within Monterey County, CA.

23  Defendant PSC employs more than five persons, and is subject to the harassment and

24  retaliatory practices statutes set forth in CA Government Code §§ 12940 et seq.

25        3.  Defendant Mark Blanchard (hereafter "Blanchard"), at all times relevant hereto,

26  was the Health and Safety Manager, and the direct superior of plaintiff, in PSC's San Ardo

27  facility.  Defendant Joe Hamby, at all times relevant hereto, was the Site manager at the same

28  facility.  Defendant Bruce Robinson, at all times relevant herein, was the Director of Human

1   Resources for PSC, with responsibility for investigating complaints of sexual harassment at

2   the San Ardo facility of PSC.

3       4.   At all times relevant hereto, Defendant PSC was an employer of five or more

4   persons, and was and is subject to the provisions of CA Government Code §§ 12940 *et seq*.

5   As such, it is subject to statutory and public policy prohibitions of certain conduct as set forth

6   therein, including but not limited to the prohibition of sexual harassment of persons by other

7   employees, and the prohibition against retaliatory conduct against an employee for

8   complaining of sexual harassment.

9                      **First Cause of Action–Wrongful Termination**

10      5.   The general allegations of Paragraphs 1-4 are incorporated at this place as if fully

11  set forth.

12      6.   By April 1, 2007, defendants were so impressed with plaintiff's job performance

13  that she was promoted to Safety Assistant (to Blanchard) and promised a $2/hour raise.

14  Within several days, plaintiff noticed what she considered inappropriate behavior by

15  Blanchard, who was kissing females in the office, including local human resources manager

16  Cheryl Sarzotti.  Plaintiff had concerns over the inappropriateness of dress of some

17  employees, and about Blanchard kissing and hugging co-employees, and asked for guidance

18  on the company's dress code and sexual harassment policies from Sarzotti, the local human

19  resources manager.  No action was taken by Sarzotti, and plaintiff's inquiries were ignored.

20      7.   Then, during May 2007, and without any apparent inhibitions that would have

21  been warranted had any of plaintiff's complaints been heeded, Blanchard began more

22  aggressively harassing plaintiff, actually assaulting her on two occasions by pulling out her

23  top and peering down at her breasts, and by grabbing her forcefully by the buttocks.  He also

24  asked her to dress more inappropriately, like some of the other females in the office, and

25  offered her money to change her wardrobe

26      8.   In response to these and other acts by Blanchard, plaintiff again complained to

27  Sarzotti that plaintiff was being sexually harassed by Blanchard.  Rather than conduct a full

28  and impartial investigation of plaintiff's complaints, defendants, and each of them, demoted

1  plaintiff to a new position on June 4, 2007, that of "yard cleanup." In this demotion, plaintiff

2  was required and directed to work with toxic and/or harmful chemicals, without proper

3  protection, and contrary to company policy. She was also advised that she was not getting

4  the promised raise of only a month earlier, and that she was no longer safety assistant. No

5  action was taken as to Blanchard's harassment, and Blanchard actually threatened "to ruin"

6  plaintiff if she pursued her complaints.

7      9. On June 15, 2007, plaintiff was forced to relinquish her job out of fear for her

8  safety, as the defendants, and each of them, had demonstrated by their actions in demoting

9  plaintiff and forcing her to do hazardous materials cleanup without proper protection that

10  they had no concern for her safety, and that they were willing to flaunt company and OSHA

11  safety rules in order to subject plaintiff to health dangers and risks, in retaliation for her

12  complaining of being sexually harassed by Blanchard. Plaintiff was told by Sarzotti that she

13  was not a full time employee, and that she was not being paid for overtime, contrary to earlier

14  representations about her status, and contrary to law.

15      10. Upon information and belief, defendants, and each of them other than Blanchard,

16  in violation of Gov. Code §§ 12940 (j) and (k), and the public policy of this state, failed and

17  refused to conduct a proper investigation of the allegations of plaintiff with regard to the

18  conduct of Blanchard, failed to take all reasonable steps necessary to prevent discrimination

19  and harassment on the basis of plaintiff's sex, and retaliated against plaintiff for engaging in a

20  protected activity, complaining about sexual harassment.

21      11. The retaliation against Plaintiff was intended to discourage Plaintiff and others

22  from complaining of sexual harassment in that workplace, or from complaining about illegal

23  activity. In addition, the discharge constitutes discrimination against plaintiff on the basis of,

24  and in retaliation for Plaintiff's opposing defendant's unlawful employment practices, in

25  violation of fundamental public policies set forth in the California Constitution, in the Fair

26  Employment and Housing Act, Gov. Code § 12940 *et seq.*, the Unruh Act, and numerous

27  other statutory provisions.

28      12. As a result of defendants', and each of them, wrongful retaliation against plaintiff,

Complaint for Damages                          - 3 -

1   plaintiff has suffered embarrassment, humiliation, fear for her safety, emotional distress, loss

2   of past and future earnings and earning capacity, employment benefits, medical expenses, and

3   other special damages according to proof.

4        13.  Plaintiff has complied with all statutory requirements for filing suit, as claims

5   were made with the CA Department of Fair Employment and Housing in a timely manner on

6   or about June 27, 2007, for retaliatory termination in response to the sexual harassment

7   complaint made by Plaintiff as set forth above.  Plaintiff received right to sue letters as to

8   defendants herein, and each of them, from that agency dated June 29, 2007.

9        15.  The retaliatin against Plaintiff in violation of her statutory rights, as set forth

10  above, was despicable conduct by defendants, and each of them, intended to vex, injure and

11  annoy Plaintiff, and was done with malice and oppression toward Plaintiff, or in a conscious

12  disregard of Plaintiff's rights. Such conduct by defendants, and each of them, entitles

13  Plaintiff to punitive damages, by way of example, against defendants, and each of them, in an

14  amount according to proof.

15                          **Second Cause of Action**

16                  **Sexual Harassment Against All Defendants**

17        16.  The allegations of Paragraphs 1-15 are incorporated at this place as if fully set

18  forth.

19        17.  In perpetrating the above-described actions the defendants, and each of them,

20  and/or their agents/employees, engaged in a pattern and practice of unlawful sexual

21  harassment in violation of CA Gov. Code §12940(h).  Defendants and each of them and/or

22  their agents/employees sexually harassed plaintiff and/or failed to take immediate and

23  appropriate corrective action.  The harassment was sufficiently pervasive and severe as to

24  alter the conditions of employment and to create a hostile or abusive work environment.

25        18.  As a result of defendants' unlawful conduct, plaintiff has suffered embarrassment,

26  humiliation, fear for her safety, emotional distress, loss of past and future earnings and

27  earning capacity, employment benefits, medical expenses, and other special damages

28  according to proof.

1      Wherefore, Plaintiff prays for damages as set forth below:

2  1. For all actual, consequential and incidental financial losses, including but not limited to

3  loss of earnings and employment benefits, together with pre-judgment interest, according to

4  proof;

5  2. For compensatory and general damages according to proof;

6  3. For statutory attorneys' fees and costs of suit herein;

7  4. For exemplary damages according to proof;

8  5. For prejudgment and post-judgment interest according to any applicable provision of law,

9  according to proof;

10  6. For such other and further relief s the court may deem proper under the circumstances.

11
    Dated: July 17, 2007                                    LAMBERTO & KREGER
12

13

14                                                          By: _____
                                                                PETER N. LAMBERTO
15                                                              Attorneys for Plaintiff LisaMarie Brayden

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages                     - 5 -

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | Reserved for Clerk's File Stamp |
|---|---|
| **Brayden, LisaMarie,**<br>        Plaintiff/Petitioner<br><br>vs.<br><br>**PSC Industrial Outsourcing, Inc. et a,**<br>        Defendant/Respondent | **FILED**<br>AUG 1 0 2007<br><br>LISA M. GALBOS<br>CLERK OF THE SUPERIOR COURT<br>_____ DEPUTY<br>H. SPICER  |
| **CASE MANAGEMENT NOTICE** | Case No. **M85575** |

**Case Management Conference Date:  May 1, 2008 at 9:00 a.m.**

1. NOTICE is hereby given that a CASE MANAGEMENT STATEMENT shall be filed with the Court and served on all parties NO LATER than:  30 days before the above date of the initial CASE MANAGEMENT CONFERENCE.

2. No party may stipulate to extend any of the dates set above.

3. At the CASE MANAGEMENT CONFERENCE, it is expected that trial counsel for each party and each self-represented party shall attend and be fully prepared to participate effectively in the conference.

4. On receipt of the CASE MANAGEMENT STATEMENT and at or before the CASE MANAGEMENT CONFERENCE the Court may make the following orders:

    a.  refer the matter to arbitration, the court-directed mediation program, or other alternative dispute resolution procedures;
    b.  identify the case as one which may be protracted and in need of special attention;
    c.  assign the case to a particular judge for all purposes:
    d.  assign a mandatory settlement conference and trial date;
    e.  make orders establishing discovery schedules and cut-offs, including expert witness disclosure and discovery;
    f.  make appropriate Trial Management Orders; and/or
    g.  make any other orders to achieve the interests of justice and the timely disposition of the case, including the setting of additional Status Conferences.

5. It is the policy of this Court that all complaints and cross-complaints be filed and served, all challenges to the pleadings be heard, and the matter be at-issue no later than 180 days from the filing of the complaint.  It is the policy of this Court that all civil matters be resolved in no more than 12 to 24 months of the filing of the complaint.

6. Failure to file the CASE MANAGEMENT STATEMENT, attend the CASE MANAGEMENT CONFERENCE and participate effectively, or comply with any CASE AND TRIAL MANAGEMENT RULES may result in sanction.

7. It is the responsibility of the parties and/or their attorneys to be familiar with the Monterey County Case and Trial Management Policies and Rules and to comply therewith.

<div align="center">BY ORDER OF THE PRESIDING JUDGE</div>

Date: August 10, 2007                    By: _____ H. SPICER

<div align="center">Deputy Clerk</div>

<div align="center">Page 1 of 5</div>



# Alternative Dispute Resolution
## OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.

**Advantages of ADR**

Here are some potential advantages of using ADR:

- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

**What Are the ADR Options?**

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.



**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. There-fore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional)<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY**<br>MAILING ADDRESS: 1200 Aguajito Road<br>CITY AND ZIP CODE: Monterey, CA 93940 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **Request to Vacate or Continue Initial<br>Case Management Conference and Order** | Case Number: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:             Time:             Dept.:             Div.:     Room:

---

> ▶ IF APPLICABLE, THIS REQUEST AND ORDER MUST BE FILED CONCURRENTLY WITH THE CASE MANAGEMENT STATEMENTS, WHICH ARE DUE NO LATER THAN 30 DAYS BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE.
>
> ▶ PER LOCAL RULE 6.08(g), IF THE PARTIES DO NOT RECEIVE A SIGNED COPY OF THE ORDER GRANTING THE REQUEST, THEY MUST ATTEND THE CASE MANAGEMENT CONFERENCE.

Counsel and the parties certify that the initial Case Management Conference should be vacated or continued for the following reasons [circle one]:

1.   All parties have appeared and agree to engage in the below ADR program [check ☛ one]:

    ❑ Court-Directed mediation      ❑ Private mediation      **THE**
    ❑ Nonbinding judicial arbitration    ❑ Private arbitration
    ❑ Other:

    <u>**PARTIES AGREE TO COMPLETE THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM WITHIN 90 DAYS OF THE FILING OF THIS FORM.**</u>  Further Case Management Conference is requested

2.   Case is concluded and judgment or dismissal has been entered as to all parties.

3.   Case has settled; dismissal shall be filed on or before _____.

4.   Case is at-issue and all parties agree that matter may be set for trial without the necessity of a Case Management Conference.

5.   All defendants have not been served and the plaintiff has been granted an extension by the court until _____ to complete service on all defendants.   Further Case Management Conference is requested.

6.   A defendant has filed bankruptcy; case should be stayed pending the completion of bankruptcy. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any action by the debtor or the Bankruptcy Court that would act as a lifting of said stay.

7.   Case has been removed to Federal Court.  Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any remand back to Superior Court or of any judgment or dismissal filed in the Federal Court.




| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

8. Plaintiff has obtained a default as to all defendants and will perfect the default by entry of court or clerk judgment in timely manner. Further Case Management Conference is requested.

9. All defendants have appeared and discovery is proceeding in a timely manner. For reasons set forth in the parties' Case Management Statements, the case should be designated (circle one) Category I, Category II or Category III. Parties anticipate case will be ready to set for trial as of _____. Further Case Management Conference is requested.

10. Other:

_____

_____

_____

_____. Further Case Management Conference is requested.

_____     _____
Counsel for Plaintiff (*print name*)          Counsel for Defendant (*print name*)

_____     _____
Signature                                              Signature

_____     _____
Counsel for Plaintiff (*print name*)          Counsel for Defendant (*print name*)

_____     _____
Signature                                              Signature

*For additional parties, attach additional signature pages as needed.*

Good Cause appearing, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated.

❑ Supplemental Case Management Statements shall be filed as set forth in 6 or 7 above.

❑ Receipt of Dismissal is set for _____.

❑ Further Case Management Conference is set for _____.
Parties shall file Case Management Statements prior to said hearing per Local Rule 6.08(e).

**PLAINTIFF MUST SERVE A COPY OF THIS ORDER ON ALL PARTIES.**

Dated: _____          _____
                                                           *Judge of the Superior Court*

 
# EXHIBIT B



1  SEYFARTH SHAW LLP
   Dana L. Peterson (State Bar No.: 178499)
2  Sharon Ongerth Rossi (State Bar No.: 232725)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   PSC Industrial Outsourcing, Inc., Joe Hamby and Bruce Robinson

6

7

8                              

9                    SUPERIOR COURT OF CALIFORNIA

10                        COUNTY OF MONTEREY

11  LISAMARIE BRAYDEN              )   Case No. M 85575
                                   )
12          Plaintiff,             )   **ANSWER TO COMPLAINT**
                                   )
13     v.                          )
                                   )
14  PSC INDUSTRIAL OUTSOURCING, INC., )
    JOE HAMBY, BRUCE ROBINSON and DOES )
15  1-10, inclusive,               )
                                   )
16          Defendants.            )
                                   )
17  _____

18         Defendants PSC INDUSTRIAL OUTSOURCING, INC., a Delaware Corporation

19  ("PSC"), JOE HAMBY, an individual ("Hamby") and BRUCE ROBINSON, an individual

20  ("Robinson"), collectively referred to herein as "Defendants," on behalf of themselves and no

21  others, hereby answer the Complaint of Plaintiff LISAMARIE BRAYDEN ("Plaintiff") as

22  follows:

23                            **GENERAL DENIAL**

24         Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants generally

25  deny each and every allegation and cause of action in Plaintiff's Complaint, and without limiting

26  the generality of the foregoing, deny Plaintiff has been damaged in any amount, or at all, by

27  reason of any act or omission of Defendants.

28

ANSWER TO COMPLAINT                                    CASE NO. M 85575

FILED

SEP 20 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY



Separately, and as defenses to each of the purported causes of action alleged against Defendants in Plaintiff's Complaint, Defendants allege as follows:

## FIRST DEFENSE

### (Failure to State Cause of Action)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND DEFENSE

### (No Injury)

Plaintiff has sustained no injury or damages by reason of any act of any Defendant.

## THIRD DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 340(a) and California Government Code section 12960.

## FOURTH DEFENSE

### (Failure to Exhaust)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff failed to exhaust her administrative remedies and/or statutory prerequisites in a complete and timely manner under applicable law, including but not limited to, the California Fair Employment and Housing Act. (Government Code §§ 12940 *et seq.*).

## FIFTH DEFENSE

### (Scope of Administrative Charge)

Defendants are informed and believe and thereon allege that the Court lacks subject matter jurisdiction over all claims and allegations in the Complaint that are not contained in Plaintiff's charges of discrimination filed with the California Department of Fair Employment and Housing.

ANSWER TO COMPLAINT

2

CASE NO. M 05575



**SIXTH DEFENSE**

(Legitimate, Good-Faith, Privileged Reasons)

Plaintiff's Complaint, and each purported cause of action alleged against Defendants, is barred because the alleged treatment complained of by Plaintiff, if it occurred, is permissible as it was privileged, justified, and based on legitimate, good-faith, non-discriminatory and non-pretextual reasons.

**SEVENTH DEFENSE**

(Failure to Take Advantage of Corrective Opportunities)

Plaintiff's Complaint, and each purported cause of action alleged are barred, and any recovery of damages is precluded in whole or in part because, on information and belief, Plaintiff unreasonably failed to take advantage of PSC's preventive or corrective opportunities, or unreasonably failed to avoid harm otherwise.

**EIGHTH  DEFENSE**

(Prompt Remedial Action)

To the extent that Plaintiff timely complained of any unlawful conduct, prompt remedial action was taken.

**NINTH  DEFENSE**

(Managerial Immunity)

Plaintiff's Complaint, and each purported cause of action alleged against Defendants Robinson and Hamby, are barred under the doctrine of managerial immunity in that to the extent Plaintiff is able to establish that the individually named Defendants were her managers at all material times, or that Defendants Robinson and Hamby and/or other employees of PSC acted within the course and scope of their employment with PSC.

**TENTH DEFENSE**

(No Vicarious Liability)

Defendant PSC may not be held vicariously liable because it exercised reasonable care to prevent and promptly correct any alleged harassing or otherwise unlawful behavior, and Plaintiff

ANSWER TO COMPLAINT

CASE No. M 05575

1  unreasonably failed to take advantage of the preventive or remedial mechanisms for reporting

2  and resolving her claims, or to avoid harm otherwise.

3  ### ELEVENTH  DEFENSE

4  (Acts Outside Course and Scope of Employment)

5  Defendant PSC is not liable for the alleged conduct of its employee(s) to the extent that

6  such conduct was outside the course and scope of his/her employment.

7  ### TWELFTH DEFENSE

8  (Set-Off)

9  Defendant PSC is entitled to a set-off of any benefits Plaintiff receives or has received

10  from workers' compensation, unemployment compensation, and from any benefit plans of

11  Defendant PSC or others, for injuries or damages alleged in the Complaint, against any award of

12  damages to Plaintiff in this action.

13  ### THIRTEENTH DEFENSE

14  (After-Acquired Evidence)

15  Defendants are informed and believe and thereon allege that Plaintiff's Complaint, and

16  each purported cause of action alleged therein, is barred in whole or in part by the doctrine of

17  after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and

18  reduces Plaintiff's alleged damages.

19  ### FOURTEENTH DEFENSE

20  (Waiver)

21  Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

22  doctrine of waiver.

23  ### FIFTEENTH DEFENSE

24  (Estoppel)

25  Plaintiff's Complaint, and each purported cause of action alleged therein, is barred

26  because Plaintiff is estopped by her own conduct to claim any right to damages or any relief

27  against Defendants.

28  ///

ANSWER TO COMPLAINT

4

1

## SIXTEENTH DEFENSE

2

### (Laches)

3    The Complaint, and each cause of action attempted to be stated therein, is barred in

4    whole or in part by the doctrine of laches.

5

## SEVENTEENTH DEFENSE

6

### (Unclean Hands)

7    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

8    extent Plaintiff has unclean hands.

9

## EIGHTEENTH DEFENSE

10

### (Consent and Ratification)

11    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

12    extent any conduct attributable to Defendants was ratified or consented to by Plaintiff.

13

## NINETEENTH DEFENSE

14

### (Comparative Negligence)

15    If any Defendant is judged to be liable to Plaintiff, any such judgment must be reduced

16    by an amount equal to that portion of the judgment in proportion to the comparative negligence

17    and/or fault of the Plaintiff and/or other individuals or entities causing Plaintiff's damages.

18

## TWENTIETH DEFENSE

19

### (Failure to Mitigate Damages)

20    Defendants are informed and believe and thereon allege Plaintiff is barred from

21    recovering any damages for lost wages, or any recovery for lost wages and/or earnings potential

22    must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her

23    alleged damages.

24

## TWENTY-FIRST DEFENSE

25

### (Avoidable Consequences)

26    Plaintiffs' damages are limited because Plaintiff is precluded from seeking those damages

27    she could have avoided by reasonable effort or expenditure.

28

---

5

ANSWER TO COMPLAINT

CASE NO. M 85575




### TWENTY-SECOND DEFENSE

(Workers' Compensation Exclusivity)

Plaintiff's claims for purported physical or emotional injuries allegedly suffered during or as a result of his employment are barred in whole or in part because Plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act.

### TWENTY-THIRD DEFENSE

(Pre-existing Condition or Alternative Cause)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

### TWENTY-FOURTH DEFENSE

(Failure to State Claim for Punitive Damages)

Some or all of Plaintiff's causes of action fail to state facts sufficient to constitute a claim for punitive damages against Defendants.

### TWENTY-FIFTH DEFENSE

(Unconstitutionality of Punitive Damages)

Plaintiff's causes of action are barred to the extent that punitive damages are unconstitutional under the California and United States Constitutions.

### TWENTY-SIXTH DEFENSE

(Lack of Malice)

Defendants allege that, assuming, *arguendo*, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendants.

### TWENTY-SEVENTH DEFENSE

(Employment Decisions Contrary to Employer's Policies)

Plaintiff may not recover punitive damages for alleged discriminatory or retaliatory employment decisions or conduct to the extent that those decisions or alleged conduct are contrary to policies Defendant PSC has instituted in good faith against wrongful conduct.

6

1

## TWENTY-EIGHTH DEFENSE

2

(Reasonable Care)

3      Plaintiff's Complaint, and each purported cause of action alleged are barred, and any

4  recovery of damages is precluded in whole or in part, because PSC exercised reasonable care to

5  prevent and promptly correct any alleged  harassing or retaliatory behavior in that it had an equal

6  employment opportunity policy, and an anti-retaliation and an anti-harassment policy which

7  were communicated to all employees and strictly enforced.

8

9

## DEFENDANTS' REQUEST FOR COSTS AND ATTORNEYS' FEES

10      Plaintiff knew or should have known that her claims are without any reasonable basis in

11  law or equity and cannot be supported by good faith argument for extension, modification or

12  reversal of existing law.  As a result of Plaintiff's filing of this Complaint, Defendants have been

13  required to obtain the services of the undersigned attorneys, and have incurred and will continue

14  to incur substantial costs and attorneys' fees in defense of this frivolous case, and Defendants are

15  therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and

16  through this action in accordance with Rule 11 of the Federal Rules of Civil Procedure, and/or

17  California Code of Civil Procedure Section 128.7.

18

19

## PRAYER FOR RELIEF

20  WHEREFORE, Defendants pray as follows:

21              1.      Plaintiff take nothing by the Complaint;

22              2.      Plaintiff be denied each and every demand and prayer for relief contained

23                      in the Complaint.

24              3.      The Complaint be dismissed in its entirety with prejudice;

25              4.      For costs of suit incurred herein;

26              5.      For reasonable attorneys' fees; and

27  ///

28  ///

7

ANSWER TO COMPLAINT

1          6.     For such other and further relief as the Court deems just and proper.

2    DATED: September  20, 2007

3                             SEYFARTH SHAW LLP

4                             By:   Sharon Ongerth Rossi

5                             Attorneys for Defendants PSC Industrial
                              Outsourcing, Inc., Joe Hamby and Bruce

6                             Robinson

7

8

9

10

11

12

13

14

15   SF1 28263474.1 / 35655-000023

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT

                                                  8                                     CASE NO. M 85575

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On September 20, 2007, I served the within documents:

## ANSWER TO COMPLAINT

☐   I sent such document from facsimile machine (415) 397-8549 on September 20, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Peter N. Lamberto, Esq.
LAMBERTO & KREGER
160 West Santa Clara, Suite 1050
San Jose, CA  95113-2311

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

Executed on September 20, 2007, at San Francisco, California.

_____
Regina Wyrick-Berry

Proof of Service / Case No.: M85575
SF1 28302482.1

# EXHIBIT C

1  SEYFARTH SHAW LLP
   Dana L. Peterson (State Bar No.: 178499)
2  Sharon Ongerth Rossi (State Bar No.: 232725)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   PSC Industrial Outsourcing, Inc., Bruce Robinson and Joe Hamby
6

7

8

9                          SUPERIOR COURT OF CALIFORNIA

10                              COUNTY OF MONTEREY

11  LISAMARIE BRAYDEN                    )  Case No. M 85575
                                         )
12              Plaintiff,               )  **NOTICE TO STATE COURT AND**
                                         )  **TO ADVERSE PARTY OF**
13       v.                              )  **REMOVAL TO FEDERAL COURT**
                                         )
14  PSC INDUSTRIAL OUTSOURCING, INC.,    )  [28 U.S.C. § 1446(d)]
    MARK BLANCHARD, JOE HANBY, BRUCE     )
15  ROBINSON and DOES 1-10, inclusive,   )
                                         )
16              Defendants.              )
                                         )
17  _____

18

19       **TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF**

20  **CALIFORNIA, COUNTY OF MONTEREY AND PLAINTIFF LISAMARIE BRAYDEN**

21  **AND HER ATTORNEY OF RECORD:**

22       **PLEASE TAKE NOTICE** that on September 21, 2007, Defendants PSC  Industrial

23  Outsourcing, Inc., Bruce Robinson and Joe Hamby (collectively "Defendants") filed with the

24  United States District Court for the Northern District of California a Notice of Removal of the

25  above-captioned action from the Superior Court of the State of California for the County of

26  Monterey.  Attached hereto as **"Exhibit 1"** is a true and correct copy of that Notice of Removal

27  with its attached exhibits.

28

_____
NOTICE OF REMOVAL                                            CASE NO. M 85575

1

     The Superior Court of the State of California for the County of Monterey, is hereby

2

advised to proceed no further with this matter unless and until the case is remanded.

3

DATED: September 21, 2007

4

                                   SEYFARTH SHAW LLP

5

6

                                By:____ Sharon Ongerth Rossi

                                Attorneys for Defendants PSC Industrial

7

                                Outsourcing, Inc., Bruce Robinson and Joe

                                Hamby

8

9

10

11

12

13

14

15

16

17

SF1 28302154.1 / 31121-000059

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

                                             CASE No. M 85575