1  PETER N. LAMBERTO, State Bar No. 061813
   LAMBERTO & KREGER
2  160 West Santa Clara, Suite 1050
   San Jose, CA 95113-2311
3  Telephone: (408) 999-0300
   Facsimile: (408) 999-0301
4
   Attorneys for Plaintiff LISAMARIE BRAYDEN
5

6
                   UNITED STATES DISTRICT COURT
7                  NORTHERN DISTRICT OF CALIFORNIA

8

9  LISAMARIE BRAYDEN                        Case No. C 07-04910 JF

10
              Plaintiff,                    **MEMORANDUM OF POINTS
11                                          AND AUTHORITIES IN
   vs.                                      SUPPORT OF MOTION TO
12                                          REMAND (28 U.S.C. §1447 [c])**
   PSC INDUSTRIAL OUTSOURCING, INC.,
13 MARK BLANCHARD, JOE HAMBY, BRUCE         Date: December 14, 2007
   ROBINSON, AND DOES 1-50  AND DOES 1-50,  Time: 9:00 a.m.
14                                          Dept.: 3; Hon. Jeremy Fogel
              Defendants.
15 _____/

16        Plaintiff is a resident of California.  Defendants' removed this matter from the Monterey

17 County Superior Court to this court on the ground that there was complete diversity among the

18 parties, stating that the only California resident among the defendants, Joe Hamby, was

19 improperly joined as a defendant, because he could not be liable under plaintiff's stated causes of

20 action for wrongful (retaliatory) termination or for sexual harassment.

21        This authority for this motion is based on 28 U.S.C. §1447 [c], which indicates that a

22 remand lies where there is no diversity of citizenship.  We need only address the issue of Hamby's

23 potential liability for the wrongful retaliatory constructive termination of plaintiff's employment

24 with defendant PSC Industrial Outsourcing, Inc., as set forth in the first cause of action of the

25 complaint, to dispose of defendants' argument for diversity.

26        As explained below, and contrary to the assertion in the removal papers, any person,

27 including site managers such as Joe Hamby, can be liable for retaliatory wrongful termination,

28 under CA Gov. Code § 12940 (h).  Defendants' argument that a retaliatory termination, because

it is a "wrongful termination," does not allow for individual liability, is contrary to State of California, and 9th Circuit, case authority.

The complaint in this matter, attached as Ex. A to Sharon Rossi's declaration in support of Defendants' Removal papers, is entitled "COMPLAINT FOR WRONGFUL RETALIATORY TERMINATION, AND FOR SEXUAL HARASSMENT." The complaint alleges that Defendants, *and each of them*, retaliated against plaintiff for complaining of sexual harassment against defendant Blanchard, by demoting her and requiring her to work with potentially toxic chemicals on what they called "yard duty," forcing her to leave the job for fear for her own well being, health, and safety. A more detailed account of plaintiff's allegations can be found in paragraphs 6-11 of her complaint (pages 2-3 thereof).

Defendants' argument that an individual cannot be held liable for "wrongful termination" appears to ignore the words "retaliation"and "retaliatory," found throughout the first cause of action. A retaliatory wrongful termination (constructive or otherwise), through the subjecting of an individual to intolerable and dangerous working conditions because the individual had complained of gross sexual harassment by her immediate supervisor, Mark Blanchard, is actionable retaliation against any individual person who perpetrated the retaliatory conduct. This is the consistent holding of both California appellate courts interpreting FEHA (*Walrath v. Sprinkle* (20020 99 C.A.4th 1237, 1241), as well as the 9th Circuit view, as set forth in *Wintaro v. Toshiba* (2001) 274 Fed.Rptr. 3d 1276, the latter of which states:

"The retaliation provision of the FEHA applies to 'any employer...or *person*' Cal. Gov't Code § 12940(h) (emphasis added [by 9th Cir.]). 'Person' in this section means, in part, 'one or more individuals.' Cal. Gov't Code § 12925(d). Giving these words their ordinary meaning, we conclude that the plain meaning of the statute is susceptible to only one interpretation: supervisors can be held liable for retaliation under section 12940(h) of the California Government Code." *Id.*, at 1288.

Defendants in their moving papers admit that Hamby, the site manager, is a resident of California. Therefore, we need not address the spurious claim that Mark Blanchard, a convicted sex offender in Louisiana who moved to California and registered with the authorities in

- 2 -

1  California as a sex offender, is really a resident of Louisiana, though that may be where he is
2  currently hiding.
3     For these reasons, we need not address whether Mr. Hamby can be liable for the sexual
4  harassment claim of the second cause of action, as the resolution of the status of Hamby as to the
5  first cause of action resolves the question of the presence or absence of diversity jurisdiction.  *Any*
6  *individual*, including site managers such as Mr. Hamby who participated in retaliatory acts against
7  an individual because that individual complained of being assaulted by a convicted sex offender,
8  has personal liability for their retaliatory conduct.  Therefore, Mr. Hamby is a proper defendant
9  herein, and his presence defeats the basis for the removal, which was purported diversity.
10    Based on the foregoing, it is respectfully requested that this court remand the matter to the
11 Monterey County Superior Court for further proceedings.

Dated: October 12, 2007                           LAMBERTO & KREGER


                                                  By: _____
                                                       PETER N. LAMBERTO
                                                       Attorneys for Plaintiff