```
 1  SEYFARTH SHAW LLP
    Dana L. Peterson (State Bar No. 178499)
 2  Sharon Ongerth Rossi (State Bar No. 232725)
    560 Mission Street, Suite 3100
 3  San Francisco, CA 94105
    Telephone: (415) 397-2823
 4  Facsimile: (415) 397-8459
    dpeterson@seyfarth.com
 5  srossi@seyfarth.com

 6  Attorneys for Defendants
    PSC Industrial Outsourcing, Inc., Bruce Robinson and Joe Hamby
 7

 8
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| LISAMARIE BRAYDEN, | ) Case No.: C 07-04910 JF |
|---|---|
| Plaintiff, | ) [Removed from Monterey County Superior Court, Case No. M85575] |
| vs. | ) |
| PSC INDUSTRIAL OUTSOURCING, INC., MARK BLANCHARD, JOE HANBY, BRUCE ROBINSON and Does 1 through 1-50, | ) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** |
| Defendants. | ) Hearing Date: December 14, 2007<br>) Time:  9:00 a.m.<br>) Dept.:  3; Hon. Jeremy Fogel |

Defendants PSC Industrial Outsourcing, Inc. ("PSC"), Bruce Robinson ("Robinson") and Joe Hamby ("Hamby") (collectively "Defendants") respectfully submit their Opposition to Plaintiff LisaMarie Brayden's ("Plaintiff") Motion for Remand.

## I. INTRODUCTION

As set forth in Defendants' Notice of Removal, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.§ 1332, because this action involves citizens of different states and the amount in controversy exceeds $75,000.00. Although Hamby is a citizen of California, he has not been joined as a proper party because, based on her Complaint, Plaintiff cannot state a cause of action against him.

///

Nonetheless, in an effort to avoid this Court's jurisdiction, Plaintiff argues that because her common law tort claim for wrongful termination involves an allegation of retaliation, and because supervisors can, in some circumstances, be individually liable for retaliation, the case should be remanded. Plaintiff's creative reading of her Complaint, however, must be ignored, as it is well established that the right of removal is to be determined from the complaint at the time of the notice of the removal, and Joe Hamby cannot be held personally liable under any cause of action pled in the Complaint.

## II.   RELEVANT FACTS

On August 1, 2007, Plaintiff, a California resident, filed her Complaint in the Superior Court of California, County of Monterey. Defendants filed their Answer to Plaintiff's Complaint in Monterey Superior Court on September 20, 2007 and timely filed their Notice of Removal Based on Diversity Jurisdiction on the following day. *See* Notice of Removal, ¶¶ 2-5. Thereafter, Plaintiff filed the instant Motion for Remand.

All of the named Defendants in this action have appeared with the exception of Defendant Mark Blanchard ("Blanchard"), a citizen of Louisiana, whom the moving Defendants believe Plaintiff has not yet served. *See* Notice of Removal, ¶¶ 8-11. PSC is incorporated under the laws of the State of Delaware with its principal place of business and headquarters located in Houston, Texas. Robinson is citizen a of Washington. As mentioned above, Hamby is a citizen of California. *See id.*

In her Complaint, Plaintiff, a former employee of PSC, alleges two causes of action against each of the named Defendants: (1) Wrongful Termination in Violation of Public Policy; and (2) Sexual Harassment in Violation of Government Code 12940. Although Plaintiff makes detailed allegations against Blanchard in regards to both her of her claims, Plaintiff does not make any specific allegations against Hamby. *See* Complaint, ¶ 6-8. In fact, Plaintiff's Complaint makes only one passing reference to Hamby: "Defendant Joe Hanby, [sic.] at all times relevant hereto, was the Site manager at the same facility." Complaint, ¶ 3.

///

///

### III. LEGAL ARGUMENT

The Court should decline to remand this case on the basis of diversity jurisdiction because the only potentially non-diverse party—Hamby—is a sham defendant, fraudulently joined for the purpose of avoiding diversity jurisdiction. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (1998)(providing that a non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the parities joinder was "fraudulent" or a "sham" device to prevent removal). The proper standard for determining whether the joinder of an individual defendant from the same state as plaintiff is "fraudulent" is to determine whether the "plaintiff fails to state a cause of action against the resident defendant." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Since both of Plaintiff's claims against Hamby are not viable, this Court must disregard Hamby's citizenship and retain jurisdiction over this case.

#### A. Plaintiff's Sexual Harassment Claim Against Hamby is Not Actionable.

As set forth above, Plaintiff's Complaint does not specifically allege that Hamby engaged in sexual harassment. Rather, Plaintiff's Second Cause of Action against Hamby is premised on the allegation that "Defendants and each of them/and or their agents/employees sexually harassed plaintiff and/or failed to take immediate and appropriate corrective action" Complaint, ¶ 17. This is insufficient to state a claim against Hamby. Supervisors cannot be vicariously liable for the alleged wrongful acts of subordinates. *See* CIV. CODE § 2351 (providing, "agent is not responsible to third persons for acts of sub-agent"). Furthermore, supervisory employees cannot be held liable for failing to take action to prevent the sexual harassment of a subordinate employee. *Fiol v. Doellstedt*, 50 Cal.App.4th 1318, 1326 (1996).

Therefore, Plaintiff's sexual harassment claim against Hamby is not viable. Accordingly, Plaintiff has fraudulently joined Hamby in her Second Cause of Action. Notably, Plaintiff does not dispute this point. Rather, Plaintiff's Motion focuses exclusively on her First Cause of Action for wrongful termination.

///

///

B. <u>Plaintiff Cannot State a Cause of Action Against Hamby for Wrongful Termination in Violation of Public Policy.</u>

1. *Under California law, Supervisors Cannot Be Liable for the Tort of Wrongful Discharge.*

In *Tamney v. Atlantic Richfield Co.*, 27 Cal.3d 16 (1980), the Supreme Court of California established the common-law tort of wrongful discharge in violation of public policy. A *Tamney* claim, such as Plaintiff's First Cause of Action, depends upon the existence of an employer-employee relationship: "the duty on which the tort is based is a creature of the employer-employee relationship, and the breach of that duty is the employer's improper discharge of an employee otherwise terminable at the will or whim of the employer." *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal.App.4th 1310, 1315 (1996).

Accordingly, "as a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy." *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal.App.4th 32, 53 (2000). Therefore, no such claim can be maintained against an individual supervisor, even if that supervisor is responsible for the Plaintiff's termination. This is true even in cases where the alleged wrongful termination was purportedly the result of a supervisor's alleged retaliation. *See Jacobs v. Universal Development Corporation*, 53 Cal.App 4th 120 (1997)(affirming summary judgment entered in favor of supervisor defendants on grounds that they could not be individually liable where Plaintiff claimed that he was wrongfully terminated in violation of public policy in *retaliation* for refusing to participate in rebate program which violated federal lending laws).

Here, because Plaintiff was employed by PSC, not Hamby, her claim against Hamby for wrongful termination in violation of public policy necessarily fails. As such, Plaintiff has fraudulently joined Hamby as a Defendant in this case.

2. *Plaintiff Cannot Transform her Common Law Claim for Wrongful Termination in Violation of Public Policy into a Statutory Claim to Defeat Diversity Jurisdiction.*

///

It is well-established that if a case is properly removed at the time the notice of removal is filed, a plaintiff cannot thereafter oust the federal court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal is based. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). Nevertheless, Plaintiff seeks to circumvent this long standing rule by claiming that her common law claim for wrongful termination in violation of public policy should somehow be read as a statutory claim for retaliation under the California Fair Employment and Housing Act ("FEHA"), Government Code § 12940 *et seq*, merely because the words "retaliation" and "retaliatory" are found throughout the allegations which make up her First Cause of Action

Plaintiff's use of the word "retaliation," however, does not alter the nature of her claim.[1] Mere reference to a statute in a pleading will not change the underlying nature of a claim. *See e.g. Easton v. Crossland Mortgage Corp.*, 114 F. 3d 979, 982 (9th Cir. 1997) (holding that federal question jurisdiction could not be found where Plaintiff's complaint alleging state law claim for sexual harassment also described conduct as being in violation of Title VII of the Civil Rights Act of 1964). Thus, although Plaintiff has listed FEHA as one of the public policies which Defendants allegedly violated in regards to her *Tamney* claim, this does not result in individual liability for Hamby. This is because under *Tamney*, the duty not to violate public policy belongs to employers, not supervisors. *See Weinbaum*, 46 Cal. App. 4th at 1315; *Khajavi*, 84 Cal.App.4th 53.

Plaintiff originally pled a tort claim for wrongful termination. Now she is using her Motion to alchemize her *Tamney* claim into a statutory claim for retaliation to avoid federal jurisdiction. Such a tactic is not permitted because "jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Easton v. Crossland Mortgage Corp.*, 114 F. 3d at

---

[1] Even if Plaintiff had pled a statutory claim for retaliation under FEHA, that does not mean that she stated a viable cause of action against Hamby. The issue of individual liability under FEHA is not settled. Indeed, the California Supreme Court recently agreed to review this very issue on appeal. *See Jones v. Lodge at Torrey Pines Partnership*, 147 Cal.App.4th 475 (2007), review granted June 13, 2007, S13955/D04660. As this issue has not been settled by the Supreme Court, it is not clear whether Hamby could ever be liable for retaliation under FEHA. That said, if this matter is remanded to state court and the Supreme Court later holds that individuals may not be liable for retaliation claims under FEHA, the parties will likely find themselves back in federal court on the basis of diversity jurisdiction.

982 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986)). Thus, even if Plaintiff were to amend her Complaint within the proper procedural framework, she cannot, at this point, defeat diversity jurisdiction.[2] *Hill*, 615 F.2d 886; *see also Kruso v. International Telephone and Telegraph Corp.*, 872 F.2d 1416, 1426 n. 12 (9th Cir. 1989)(providing that the right of removal is to be determined from the complaint at the time of the notice of removal). Accordingly, this Court must ignore Plaintiff's improper attempt defeat diversity jurisdiction.

In sum, because neither of Plaintiff's claims against Hamby are actionable, this Court must conclude that he is a sham defendant and must disregard his citizenship for removal purposes. *See* McCabe, 811 F.2d at 1339 (holding that discharged employee failed to state cause of action against individual supervisors under California law, and thus their joinder as defendants was sham and their presence did not destroy diversity); *see also Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)(court may disregard joinder and retain jurisdiction where joinder of non-diverse defendant is only a fraudulent device to prevent removal).

### IV. CONCLUSION

For all the foregoing reasons, the moving Defendants respectfully request that this Court deny Plaintiff's Motion for Remand. Defendants have complied with the rules governing removal jurisdiction in federal court, and the matter is properly before this Court.

DATED: November 21, 2007                         SEYFARTH SHAW LLP

By    /s/Sharon Ongerth Rossi
Sharon Ongerth Rossi
Attorneys for Defendants
PSC INDUSTRIAL OUTSOURCING, INC., BRUCE ROBINSON AND JOE HAMBY

---

[2] Plaintiff also attempts to use her motion as a vehicle to inject facts into her Complaint; the inflammatory statements which Plaintiff makes about Defendant Blanchard's criminal record do not appear in her Complaint and are not supported by any evidence.

-6-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND/ Case No. 07-04910 JF