PETER N. LAMBERTO, State Bar No. 061813
LAMBERTO & KREGER
160 West Santa Clara, Suite 1050
San Jose, CA 95113-2311
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiff LISAMARIE BRAYDEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISAMARIE BRAYDEN<br><br>Plaintiff,<br><br>vs.<br><br>PSC INDUSTRIAL OUTSOURCING, INC., MARK BLANCHARD, JOE HAMBY, BRUCE ROBINSON, AND DOES 1-50 AND DOES 1-50,<br><br>Defendants.<br>_____/ | Case No. C 07-04910 JF<br><br>**CLAIMANT'S REPLY TO MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REMAND (28 U.S.C. §1447 [c])**<br><br>Date: December 14, 2007<br>Time: 9:00 a.m.<br>Dept.: 3; Hon. Jeremy Fogel |

### I. THE FIRST CAUSE OF ACTION IS NOT MERELY STATED AS A "COMMON LAW" CLAIM

Defendants' Memorandum in it Opposition to the instant motion is anchored upon a false and misleading attempt to restate the first cause of action as one for "Wrongful Termination in Violation of Public Policy" (Opposition MPA, page 2, line 21). This misstates the particularity of the First Cause of Action, in that the title of the complaint states: **"COMPLAINT FOR DAMAGES FOR WRONGFUL RETALIATORY TERMINATION, AND FOR SEXUAL HARASSMENT** [Gov. Code § 12940 et seq.]" and further in that the first cause of action itself is entitled: "**First Cause of Action–Wrongful Termination**.

Defendants apparently rely on the court to accept this misrepresentation, and then proceed to argue that Claimant does not state a cause of action based on violation of statute, but rather attempts only to state a cause of action for retaliatory termination against all defendants other than Mark Blanchard based on a common law cause of action for termination in violation of

1  public policy.

2  This argument is contradicted not only by the actual wording of the allegations in the
3  complaint, but also by defendants' own statements in its earlier Notice of Removal filed herein, as
4  will be explained below.

5  In point of fact, the complaint alleges in the first cause of action (for "Wrongful
6  Termination"), at paragraph 9, page 3: "On June 15, 2007, **plaintiff was forced to relinquish**
7  **her job out of fear for her safety**, as the **defendants, and each of them**, had demonstrated
8  by their actions in demoting plaintiff and forcing her to do hazardous materials cleanup
9  without proper protection that they had no concern for her safety, and that they were willing to
10 flaunt company and OSHA safety rules in order to subject plaintiff to health dangers and
11 risks, **in retaliation for her complaining of being sexually harassed by Blanchard**.
12 (Emphasis added)

13 And at paragraph 10, page 3, that: "...defendants (i.e., Joe Hamby), **and each of them**
14 other than Blanchard, **in violation of Gov. Code §§ 12940 (j) and (k)**, *and* the public policy
15 of this state, failed and refused to conduct a proper investigation of the allegations of plaintiff
16 with regard to the conduct of Blanchard, failed to take all reasonable steps necessary to
17 prevent discrimination and harassment on the basis of plaintiff's sex, and **retaliated against**
18 **plaintiff for engaging in a protected activity, complaining about sexual harassment**."
19 (Emphasis added)

20 And in paragraph 11: "**In addition**, the discharge constitutes discrimination against
21 plaintiff on the basis of, and in retaliation for Plaintiff's opposing defendant's unlawful
22 employment practices, in violation of fundamental public policies set forth in the California
23 Constitution, in the Fair Employment and Housing Act, Gov. Code § 12940 *et seq.*, the Unruh
24 Act, and numerous other statutory provisions**."**   (Emphasis added)

25 The complaint clearly states a cause of action against defendant Joe Hamby *for retaliatory*
26 *(constructive) termination in violation of CA Gov. Code § 12940 (j) and (k)*, as set forth in detail
27 above, *and* in violation of the public policy of California for a variety of reasons.  Any argument
28 to the contrary is little more than a wishful, self-serving, selective misreading of the actual English

- 2 -

words used in the complaint. Cherry-picking words to attempt to support an argument is tantamount to deceitfulness. No matter how hard defendants attempt to push their square peg argument through the round hole of the complaint, they'll never get it to fit.

The argument of defendants is further contradicted by the statement contained in Defendants' Notice of Removal, page 5, lines 16-18, wherein they state: "The causes of action against Defendant Hamby are (1) wrongful termination in violation of public policy **and** Government Code section 12940 *et seq*...." (Emphasis added) The argument in the Opposition to the instant motion appears to maintain that no claim alleging violation of statute is stated in the Complaint, whereas the earlier filing (Notice of Removal) admits to the contrary.

Because the argument of Defendants is therefore based on a false premise, the cases cited to support the false premise are inapplicable. The First Cause of Action is for Wrongful Retaliatory Termination in Violation of CA Gov. Code § 12940 et seq., which also supports a claim for wrongful termination in violation of public policy. The allegations are complimentary, not exclusionary. The argument based on the false premise that the complaint only attempts to state a cause of action for common law violation of public policy is so narrow a reading as to defy educated reason.

## II. HAMBY IS NOT A "SHAM" DEFENDANT

Defendants assert, without substantiating evidence, that Hamby is a sham defendant, inserted by claimant only in an apparently spurious attempt to defeat diversity.

The complaint states that the defendants (Hamby included) retaliated against plaintiff with illegal retaliatory conduct that forced her to leave her job in fear for her safety. Nothing is offered by defendants to dispute this allegation, which therefore stands undisputed. And as stated in the accompanying declaration of Claimant in support of this motion, incorporated at this place as if fully set forth, Hamby was the pivotal player in the retaliatory actions taken against her.

Because of Hamby's central active role in the retaliatory actions which transpired after claimant's harassment complaints, in his position as her direct superior and as the company's Site Manager, he is an appropriate defendant. Claims to the contrary are insupportable, and the argument that Hamby is a sham defendant included without merit to defeat diversity is likewise

- 3 -

without merit.

### III.  AS AN INDIVIDUAL, HAMBY IS LIABLE FOR RETALIATION

Defendants argue, without supporting authority, that a case *might* some day come down from the California Supreme Court disallowing personal liability for retaliatory acts, in spite of the clear wording of the present statute as cited in the moving papers of claimant herein.  This argument can be analogized to the following logic:  "If 'ifs' and 'buts' were candy and nuts, every day would be Christmas."

The present statutory (CA Gov. Code § 12940 *et seq*.) and case authority ((*Walrath v. Sprinkle* (2002) 99 C.A.4th 1237, 1241; *Wintaro v. Toshiba* (2001) 274 Fed.Rptr. 3d 1276), authorizes and supports personal liability for retaliatory actions.  This court should honor the present status of the law, or chaos would be the result, of course.

### IV.  CONCLUSION

For these reasons, it is unnecessary to address defendants' argument that Hamby cannot be sued for the Blanchard's sexual harassment conduct (Second Cause of Action), which would be properly addressed by defendants by demurrer or other motion after the matter is remanded. Since Hamby is an admitted resident of California, it is likewise unnecessary to address the issue of mark Blanchard's residency.

Based on the foregoing, it is respectfully requested that he motion to remand to the Superior Court of the County of Monterey be granted.

Dated: December 7, 2007               LAMBERTO & KREGER


By: /S/ Peter Lamberto
      PETER N. LAMBERTO
      Attorneys for Claimant LISAMARIE BRAYDEN

Reply Brief re Remand.wpd