**E-Filed 2/12/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LISAMARIE BRAYDEN,<br><br>               Plaintiff,<br><br>    v.<br><br>PSC INDUSTRIAL OUTSOURCING, INC., MARK BLANCHARD, JOE HAMBY, BRUCE ROBINSON, AND DOES 1-50,<br><br>               Defendants. | Case Number C07-04910<br><br>ORDER[1] GRANTING MOTION TO REMAND<br><br>[re: docket no. 10] |

## I. BACKGROUND

LisaMarie Brayden ("Plaintiff") is a California resident formerly employed by PSC Industrial Outsourcing, Inc. ("PSC") at its facility in Monterey, California. The named defendants in this action are PSC, a Delaware corporation with headquarters in Houston, Texas; Joe Hamby, the site manager of PSC's Monterey facility and a California resident; Mark Blanchard, Plaintiff's former supervisor and a current resident of Louisiana; Bruce Robinson,

---

[1] This disposition is not designated for publication and may not be cited.

director of Human Resources for PSC and a current resident of Washington (collectively, "Defendants"); and Does 1-50.

Plaintiff filed a complaint entitled "Complaint for Damages for Wrongful Retaliatory Termination and for Sexual Harassment" in the Monterey Superior Court asserting two claims: (1) "First Cause of Action-Wrongful Termination;" and (2) "Second Cause of Action-Sexual Harassment Against All Defendants." Plaintiff alleges that "Defendants and each of them and/or their agents/employees sexually harassed plaintiff and/or failed to take immediate and appropriate corrective action." Complaint at ¶ 17. Plaintiff also alleges that Defendants "retaliated against plaintiff for engaging in a protected activity and, complaining about sexual harassment," *id.* at ¶ 10, and as a result of that retaliation "plaintiff was forced to relinquish her job out of fear for her safety." *Id*. at ¶ 9. Defendants removed this action from the Monterey Superior Court to this Court on the grounds that there is complete diversity of citizenship among the parties, asserting that the only California resident, Joe Hamby, was improperly joined as a defendant. Plaintiff moves to remand.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the plaintiff initially could have filed the action in federal court. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge*, 861 F.2d at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id*. The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

Defendants oppose Plaintiff's motion for remand on the basis that Plaintiff fraudulently has joined Hamby for the purpose of defeating this Court's diversity jurisdiction over the matter. "Under the Ninth Circuit rule, where a plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according the settled rules of the state, the joinder of a non-

diverse defendant is deemed fraudulent, and the non-diverse defendant's presence in the lawsuit is ignored for the purposes of determining diversity." *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp.2d 1151, 1155 (N.D. Cal. 2003). "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials Inc. v. Dow Chem. Corp.*, No. 05-55976, 2007 WL 2080179 at *1 (9th Cir. July 23, 2007).

In evaluating claims of fraudulent joinder "[t]he Fourth, Fifth, Ninth and Tenth Circuits have adopted the 'pierce the pleadings' approach, as have some courts in the First, Second, Sixth, Seventh and Eighth Circuits." 19A Federal Practice & Procedure Jurisdiction & Related Matters Code Revision, Pt. III Reptr. N. C. "The legitimacy of removal must be decided on evidence available at the time of removal and not on possible future evidence that may be obtained through further discovery." *Kite v. Zimmer US, Inc.*, No. 2:06 CV 0745, 2006 WL 3386765 at *1 (D. Nev. Nov. 22, 2006). Ultimately, "evaluation of fraudulent joinder claims does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiff might prevail." *Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F. 3d 746, 751 (5th Cir. 1996). Thus, to evaluate properly Defendants' claim that Plaintiff fraudulently has joined Hamby, the Court must decide whether on the face of the removed complaint there is *any possibility* that Plaintiff could prevail against him.

The parties dispute the nature of Plaintiff's first claim. Defendants argue that Plaintiff cannot assert her first claim against Hamby because individuals cannot be held liable for wrongful termination and that she is attempting to recharacterize her claim to avoid federal jurisdiction. Defendants assert that the title of Plaintiff's claim and the inclusion of allegations of wrongful termination indicate that Plaintiff has stated a claim for wrongful termination and not for retaliation. The first claim also contains the following allegations:

> [D]efendnats, and each of them, demoted plaintiff to a new position on June 4, 2007, that of "yard cleanup." In this demotion, plaintiff was directed to work with toxic and/or harmful chemicals, without proper protection, and contrary to company policy. She also advised that she was not getting the promised raise of only a month earlier, and that she was no longer safety assistant. No action was

3

> taken as to Blanchard's harassment, and Blanchard actually threatened 'to ruin' plaintiff if she pursued her complaints.
> . . .
> The retaliation against Plaintiff was intended to discourage Plaintiff and others from complaining of sexual harassment in that workplace, or from complaining about illegal activity. In addition, the discharge constitutes discrimination against plaintiff on the basis of, and in retaliation for Plaintiff's opposing defendant's unlawful employment practices, in violation of fundamental public policies set forth in the California Constitute, in the Fair Employment and Housing Act, Gov. Code § 12940 *et seq.*, the Unruh Act, and numerous other statutory provisions.

While it is true that Plaintiff has alleged that her termination was an act of retaliation, she also has alleged separate retaliatory behavior. Thus, it is clear from the face of the complaint that Plaintiff has asserted a claim for retaliation against all Defendants, including Hamby. It is equally clear that "an individual-supervisor may be held personally liable for retaliation under the FEHA." *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1274, 1288 (9th Cir 2001); *see also Walrath v. Sprinkel*, 99 Cal. App. 4th 1237, 1241 (Cal. Ct. App. 1st Dist. 2002). Because the Court concludes that Plaintiff has adequately pled a claim for retaliation against Hamby, the motion to remand is granted.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to remand is GRANTED. The clerk shall close the file.

DATED: February 12, 2008.

_____
JEREMY FOGEL
United States District Judge

4

Case No. C 07-4910
ORDER GRANTING MOTION TO REMAND
(JFLC1)

1 | This Order has been served upon the following persons:

Peter Nicholas Lamberto    peter@lambertokreger.com

Dana Lee Paterson    dpeterson@seyfarth.com

Sharon Ongerth Rossi    srossi@seyfarth.com

Case No. C 07-4910
ORDER GRANTING MOTION TO REMAND
(JFLC1)